JEREMIAH D. TOOMEY vs. WILLIAM H. COMLEY.

Third Judicial District, Bridgeport, Oct. Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A writ of prohibition against an inferior court ought not to issue unless it appears that there has been a clear excess of jurisdiction, to the injury of the applicant, and that he has no other adequate remedy.
Pending proceedings in contempt against the plaintiff for the violation

of an injunction granted by the deputy-judge of a city court in an action returnable to the Superior Court, the plaintiff applied for a writ of prohibition, claiming the acts of such deputy-judge were beyond his jurisdiction. *Held* that inasmuch as a motion to dissolve the injunction afforded the plaintiff an easy, simple and efficacious remedy, his application for a writ of prohibition was properly dismissed.

Argued November 1st—decided November 28th, 1899.

APPLICATION for a writ of prohibition, brought to the Superior Court in Fairfield County and tried to the court, *Ralph Wheeler, J.;* facts found and judgment rendered discharging the rule to show cause and dismissing the application, and appeal by the petitioner for alleged errors in the rulings of the court. *No error.*

The rule, issued on the 6th day of June, 1899, commanded and required William H. Comley, the deputy-judge of the City Court of Bridgeport, to appear before the said Superior Court on the 20th day of June, at ten o'clock in the forenoon, to show cause why a writ of prohibition should not issue against him. The application for the rule showed that on the 13th day of May, 1899, a complaint in a civil action claiming $2,000 damages and an injunction, wherein Frank Miller and S. C. Osborne were plaintiffs and Jeremiah D. Toomey (the plaintiff herein) was the defendant, signed by proper authority and returnable to the Superior Court in said Fairfield county on the first Tuesday of June, 1899, was presented to the said Comley by the attorneys for the plaintiffs in said cause, and the facts alleged therein having been verified by the oath of a competent witness, the said William H. Comley as such deputy-judge signed and issued a temporary injunction in said action, directed to the said Jeremiah D. Toomey, the defendant therein, commanding him to refrain wholly and absolutely from assigning or in any way disposing of or incumbering his interest in a certain contract, which was set out in the said complaint, until the session of the court to which the said complaint was made returnable, and until the said court had made further order in the premises.

Said complaint and order of injunction was duly served on

the said Toomey on the 12th day of May and was, in fact, returnable to the clerk of the Superior Court on the 13th day of May.

On the 25th day of May an application, verified by the affidavits of sundry witnesses, was presented to the said Comley, deputy-judge, alleging that the said Toomey was openly, persistently and defiantly disregarding and disobeying said order of injunction, in flagrant violation and contempt of the authority, dignity and jurisdiction of said judge, and moving that the said Toomey be attached and punished for his contempt. Thereupon on said day the said deputy-judge made an order requiring Toomey to appear before him on the 26th day of May, at 1 : 30 o'clock in the afternoon, at the City Hall in the said city of Bridgeport, to show cause why an attachment should not be issued against him. This order was duly served on said day upon the said Toomey by a proper officer. On the 26th day of May the said Toomey appeared by himself and by counsel before the said deputy-judge at the hour and at the place named in the said order, and such action was had that the proceedings were adjourned until the 2d day of June then next at two o'clock in the afternoon; and on said last mentioned day the counsel for the said Toomey moved that the said application and petition for contempt be dismissed. The said Comley refused to dismiss the same, but proceeded to a hearing and rendered judgment as follows : —

" Upon the application of the plaintiffs in the above-entitled cause, dated May 25th, 1899, made to the undersigned authority, deputy-judge of the City Court of the city of Bridgeport, in said county, being a court of equitable jurisdiction, on May 25th, 1899, said Superior Court not being actually in session, claiming that the defendant had committed certain acts of contempt against a certain order of temporary injunction granted on May 12th, 1899, and against the authority granting said temporary injunction, said Superior Court, to which the above-entitled action is returnable, not then being actually in session, and asking for process of attachment against the defendant as by said application will fully appear; and the defendant having been summoned by said under-

signed authority to appear before said undersigned authority to answer said complaint and application on May 26th, 1899, and show cause, if any he has, why the prayer thereof should not be granted, the parties appearing on said day and at the urgent request of the defendant the hearing was continued to June 2d, 1899, when the parties again appeared and were fully heard by said undersigned authority, with their witnesses and counsel.

"Said undersigned authority finds that the allegations of said application, that the injunction in the above-entitled cause was granted by said undersigned authority on May 12th, 1899, and on said day duly served upon the defendant, to be true. Said undersigned authority further finds that on May 19th, 1899, the defendant, with full knowledge of said order of injunction, disregarded and disobeyed the same in that he executed and delivered to his son, J. D. Toomey, Jr., a certain assignment or transfer of which the following is a copy, to wit:

"'BRIDGEPORT, CONN., May 19th, 1899.

"'For value received, I hereby sell, transfer and assign unto Jeremiah D. Toomey, Jr., of said city of Bridgeport, any and all moneys due me, or hereafter to become due me, from the date hereof until January 1st, 1900, from the city of Bridgeport, by or under a certain contract made between the said city of Bridgeport and Timothy Daly, of said city, for the collection of garbage in said city, and which said contract was assigned to me by said Daly on the     day of     1897.
"'(Signed)     J. D. TOOMEY.'

"Whereupon it is adjudged that the defendant is guilty of contempt against said order of temporary injunction, and against the authority granting the same, and that the defendant pay a fine of one hundred ($100) dollars to the State of Connecticut, and that he pay to the plaintiff the costs of these proceedings upon this application for contempt taxed at     dollars.
"WILLIAM H. COMLEY,
"Deputy-Judge of the City Court
for the City of Bridgeport."

The Superior Court issued the present rule on the said 6th day of June, 1899, requiring the said Comley to appear as above stated, and it was duly served upon him. The said Comley appeared before the Superior Court, as required by the said rule, and showed cause as follows : —

"And now the said defendant appears before the Hon. Superior Court, to which said application is made, and pleads and says that the writ of prohibition prayed for ought not to be granted, because (1) the allegations contained in said application are untrue; (2) the defendant, on June 12th, 1899, and before said application was made, rendered a final judgment in said contempt proceedings, a copy of which judgment is hereto attached, marked Exhibit 1; (3) the facts alleged are not sufficient in law to warrant the granting of the writ; (4) upon the facts stated, the writ of prohibition is not the proper and appropriate remedy for the wrong complained of; (5) in the matter complained of, to wit: the issuing the injunction, order and citation recited in the plaintiff's application, the said William H. Comley, acting as deputy-judge of the City Court of the city of Bridgeport, did not exceed the jurisdiction of said court and his own jurisdiction as judge thereof, but properly and lawfully took cognizance of said prayer of said Miller and Osborne, and restrained by injunction the said Toomey from assigning or in any way disposing of, or incumbering, the interest of said Toomey in a certain contract entered into between the city of Bridgeport and one Timothy Daly, on the 30th day of December, 1895, and by the said Daly assigned to said Toomey; (6) the application fails to allege that the said William H. Comley, acting as deputy-judge of said City Court, exceeded the jurisdiction of said court, and his own jurisdiction as judge thereof, in undertaking jurisdiction in said proceedings in contempt; (7) the applicant has other adequate remedy in the ordinary course of procedure. All of which matters the defendant prays may be inquired of by the court.

"WILLIAM H. COMLEY,
"Deputy-Judge of the City Court
for the City of Bridgeport."

Toomey v. Comley.

Thereafter there were various pleadings in the Superior Court, and such proceedings were had that on the 10th day of July said court rendered judgment finding the issues for the defendant, that the rule to show cause be discharged, that the application be dismissed and that the defendant recover his costs.

The court made a finding of facts which, after finding that all the formal allegations in the application were true, proceeded as follows: "6. The defendant, on June 12th, 1899, and before the application for the writ of prohibition was made, rendered judgment in said contempt proceedings, as above set forth. 7. The Superior Court was in session on the 12th day of May, 1899, and adjourned from that date to the 16th day of May, 1899. No evidence was offered to prove that the Superior Court was actually in session at the time when said order of temporary injunction was made by said Comley. There was no evidence that said Superior Court was not actually in session at the time of the making of said order, unless the judgment for contempt contains such evidence. 8. The writ in the action in which said temporary injunction was issued, was returned to the clerk of the Superior Court within and for Fairfield county, on May 13th, 1899, and said action was pending in said court at the date of the judgment upon this petition. 9. On May 12th, 1899, George P. Carroll was the judge of the City Court of Bridgeport, and was within the limits of said city of Bridgeport, and was not unable to sign nor disabled from signing said order of temporary injunction, had he been found and asked to sign the same. 10. Said Superior Court was in session on the 16th, 17th, 18th, 19th, 23d, 24th and 25th days of May, 1899. There was no evidence that the Superior Court was or was not actually in session at the time said Comley issued said summons in said contempt proceedings, unless the judgment for contempt contains such evidence. 11. The City Court of the city of Bridgeport is, and for several years last past has been, a court of equitable jurisdiction. 12. The said William H. Comley was duly appointed deputy-judge of said court on March 1st, 1899, and has continually acted as such ever since said date."

*Jeremiah D. Toomey, Jr.*, for the appellant (petitioner).

*William D. Bishop, Jr.*, for the appellee (respondent).

ANDREWS, C. J. In the very recent case of *Sherwood* v. *New England Knitting Co.*, 68 Conn. 543, this court discussed the rules of law applicable to the writ of prohibition. It was there held that the writ of prohibition, while a thoroughly well-recognized proceeding in this State, was one not to be used except in cases where there was a clear excess of jurisdiction by which the party applying for the writ was injured, and where he had no other adequate remedy.

There is no error in this case. The plaintiff had other adequate remedy. A motion to dissolve the injunction, made either to *Judge Comley* or to any judge of the Superior Court, would have been a remedy much easier to be called into use than the present one, and much simpler in its procedure, while equally efficacious to protect the plaintiff's right.

There is no error.

In this opinion the other judges concurred.