## THE ANSONIA WATER COMPANY'S APPLICATION FOR A WRIT OF MANDAMUS.

Third Judicial District, Bridgeport, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

This court is not empowered, either by custom or by statute, to use the writ of mandamus as an appropriate method for the exercise of its jurisdiction.

Argued October 25th—decided December 17th, 1907.

APPLICATION to the Supreme Court of Errors for a writ of mandamus requiring the Superior Court in New Haven County, *Gager*, *J.*, to enter forthwith a final judgment upon its denial of the applicant's motion for a disclosure in a suit pending in said court. To this application the respondent demurred. *Application dismissed.*

*Edward A. Harriman*, for the applicant.

*John W. Bristol* and *Frederick W. Holden*, for the respondent.

The State v. Rosenbaum.

PER CURIAM. Since the organization of this court the use of mandamus as an appropriate procedure for the exercise of its jurisdiction has never been sanctioned by any practice or custom. The statutes regulating procedure do not purport to authorize this court to issue writs of mandamus in the exercise of original jurisdiction, nor to use mandamus as an appropriate process for an exercise of appellate jurisdiction. It is useless, therefore, to inquire whether or not it may be practicable for the legislature, in view of the nature of the jurisdiction vested in this court, to utilize the action of mandamus for the purpose of invoking and enforcing that jurisdiction. It is sufficient for the disposition of this case, that this court is not authorized, either by custom or statute, to issue the writ asked for in the application.

The application is dismissed.

In this opinion the other judges concurred.