ROSANNA LYNAHAN, ADMINISTRATRIX, *vs.* ULYSSES G.
CHURCH ET ALS.

Third Judicial District, Bridgeport, April Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A plaintiff who desires to have a judgment of nonsuit reviewed on appeal must furnish the trial court with a statement or copy of the whole evidence: a mere summary is insufficient. The discharge of this duty is a condition of the right to appeal, and the mere fact that it may involve considerable expense in obtaining a transcript of the stenographer's notes cannot vary the legal obligation.

A request for a "finding" in such a case, if proper at all, may well be refused if the draft-finding accompanying it neither sets out nor purports to set out all the evidence.

Argued April 13th—decided April 27th, 1909.

APPLICATIONS for an order requiring a statement of the evidence, under General Statutes, § 762, in a case dismissed by the Superior Court in New Haven County by a judgment of nonsuit, under General Statutes, § 761, and for an order directing the judge of that court, who refused to make such statement, to show cause why he should not state it, or so much of it as might be necessary to enable her to prosecute her appeal. *Applications dismissed.*

*John O'Neill,* for the plaintiff.

*William H. Ely,* for the defendants.

BALDWIN, C. J.  These are applications in aid of an appeal which has been taken to this court from a judgment of nonsuit granted by the Superior Court under General Statutes, § 761.  Several days had been occupied by the plaintiff in presenting her evidence to the jury.  The substantial reasons of appeal are that the court erred in denying the plaintiff's motion to set aside the nonsuit, and in

refusing to state the evidence produced, unless furnished by her with a copy of the stenographer's minutes of such evidence, procured at her expense. It is averred that such a copy would cost several hundred dollars; that to print it would cost about $500 more; that the plaintiff is unable to bear such expense; and that a short summary of the evidence, given in the applications, would be sufficient to enable the plaintiff to present the questions of law arising on the nonsuit, without including the whole evidence in the record.

These applications were filed in this court on April 6th and 8th, respectively. On the opening of the April term of the court, on April 13th, the appellee filed, simultaneously, a plea to the jurisdiction, a demurrer, and an answer. It was irregular thus to disregard the established principles as to the order of pleading; but it is unnecessary to consider the effect of any waiver that might be implied, since the applications are obviously insufficient on their face.

The statute under which the nonsuit was granted was enacted in 1852 and provided for a right of review in this court, to be exercised "by motion in error, as in other cases." Public Acts of 1852, p. 8, § 2. A motion in error was a mode of proceeding then authorized in lieu of a writ of error. It was questionable if it could be supported by a bill of exceptions (*McAlister* v. *Clark*, 33 Conn. 253, 257), but the moving party could only obtain a reversal of the judgment against him by showing in some way that there was error on the face of the record. If it were a judgment of nonsuit, this could only be accomplished by bringing into the record a statement of the whole evidence which he had produced. There were then no official stenographers. The practice was therefore for him to present to the court, embodied in his motion in error, what he deemed a proper statement of this evidence. 2 Swift's Dig. 708. This it could then compare with any notes which it might itself have taken and, after considering anything that might be

presented by the prevailing party, proceed to make up the statement required for the record.

The introduction of official stenographers and the substitution of appeals for motions in error have not relieved a party who seeks to review in this court a judgment against him, from the duty of placing before the court below whatever is necessary to enable it to put on record the grounds on which he seeks a reversal. The only ground on which a nonsuit granted under General Statutes, § 761, can be set aside, is that the evidence produced by the plaintiff at the trial made out a prima facie case.

The appellant in this action was therefore bound to present to the Superior Court what she deemed a fair statement of the whole evidence. No summary of it could be substituted. That, to do this, she would be obliged to resort to the stenographer's minutes, and be put to large expense, cannot vary the duty which the law laid upon her, as a condition of any right of appeal.

Her motion for a statement of the whole evidence was therefore one which the trial court committed no error in denying, she having failed to supply it either with a draft prepared by her of such statement, or with a copy of the stenographer's notes.

Subsequently she filed in the Superior Court a written paper in the form of a request for a finding, together with a draft-finding, in which, according to her applications, "she stated fairly, and as fully as she thought was necessary, all the evidence which she deemed material, or which was in fact material in her opinion to present to the Supreme Court of Errors to enable it to determine whether" the Superior Court had erred in denying a motion to set aside the nonsuit. It is unnecessary to decide whether the statement required by General Statutes, § 762, can properly be termed a finding, within the meaning of that term, as used in General Statutes, § 792, as amended in 1905 (Public Acts of 1905, p. 286, Chap. 58), since the "draft-finding" so

Bethel & Redding Lime Co. *v.* New York, N. H. & H. R. Co.

submitted did not purport to set out the whole evidence produced, and could therefore be properly denied for the reasons already given.

It is consequently unnecessary to determine whether this court has jurisdiction to grant the relief sought. See *Atwater* v. *Morning News Co.*, 67 Conn. 504, 527, 34 Atl. 865; *Lord* v. *Lamonte*, 72 Conn. 37, 39, 43 Atl. 491; *Ansonia Water Co.'s Application*, 80 Conn. 326, 68 Atl. 378. No case for relief is presented.

The applications are dismissed.

In this opinion the other judges concurred.