LEWIS HART *vs.* JOHN FARCHAU ET UX.

First Judicial District, Hartford, May Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

No finding of facts nor certification of the evidence by the trial judge is essential to enable a plaintiff who has been nonsuited to file an appeal to this court; and therefore he must file it, if he desires to take one, within ten days after the denial of his motion to set aside the judgment of nonsuit, as required by §§ 762, 790, 791 and 793 of the General Statutes, unless it appears from the record that the time limited therefor has been duly extended.

A mere certification of the evidence after the expiration of the ten days allowed for an appeal does not constitute an extension of the time for taking it.

The trial judge is not required to state or certify the evidence in the case until a statement or copy thereof has been presented to him.

Facts which appear of record cannot properly be denied in an answer to a plea in abatement to an appeal taken to this court.

Argued May 3d—decided June 14th, 1910.

PLEA IN ABATEMENT to an appeal taken to this court by the plaintiff from the refusal of the Court of Common Pleas in Litchfield County, *Welch, J.*, to set aside a judgment of nonsuit in an action for breach of contract. The appellant filed an answer to the plea to which the appellees demurred. *Plea in abatement sustained.*

*Homer R. Scoville*, for the appellees, in support of the plea in abatement.

*Thomas J. Wall*, for the appellant, in opposition to the plea in abatement.

HALL, C. J. These facts appear upon the record before us: January 13th, 1910, the trial court, after the plaintiff had rested his case, granted the defendants'

motion for a nonsuit. January 28th, 1910, the trial court denied the plaintiff's motion to set aside the nonsuit. February 3d, 1910, the plaintiff filed a notice of appeal from the judgment rendered in the case, and on the same day filed a motion that the court "state and certify the whole of the evidence produced in said cause, and order the same made a part of the record and printed as a part of the record on appeal" to this court. February 12th, 1910, the plaintiff filed an appeal to the March term of this court then next to be held at Hartford on the first Tuesday of March, 1910, assigning as reasons therefor the granting of the defendants' motion for a nonsuit, and the denial of the plaintiff's motion to set it aside. February 21st, 1910, the acting stenographer certified, under oath, to the correctness of the copy of the evidence, which is a part of the record before us. March 22d, 1910, the trial judge certified that such evidence was a true copy of the evidence given at the trial, and made the same a part of the record to be printed on appeal. March 22d, 1910, the plaintiff filed an appeal to the May term of this court, then next to be held at Hartford on the first Tuesday of May, 1910, assigning as reasons therefor the granting of the defendants' motion for a nonsuit, and the denial of the plaintiff's motion to set it aside.

The defendants pleaded in abatement in this court to both the appeal of February 12th, 1910, and that of March 22d, 1910, alleging the main facts above recited, upon the grounds, among others, that neither of said appeals was taken within ten days after the denial of the motion to set aside the nonsuit, as required by statute.

After denying, by his answers, certain allegations of fact in the pleas in abatement, most of which facts appear of record, the plaintiff, for further answer to said pleas, alleged, among other things, that in order

to properly present the questions to be raised by his appeal it was necessary that the trial judge certify the evidence taken at the trial; that the judge did not certify the evidence until March 22d, 1910; and that within ten days thereafter, to wit, on the 22d of March, 1910, the plaintiff filed his appeal.

The defendants demurred to the plaintiff's further answers to the pleas in abatement, upon the ground, in substance, that the time within which the plaintiff might appeal was not extended by the fact that the trial judge did not certify the evidence until March 22d, 1910.

The so-termed further answers to the pleas in abatement are clearly insufficient. Section 762 of the General Statutes provides that the plaintiff, if his motion to set aside a nonsuit shall be denied, "may appeal as in other cases; and to enable him so to do, the court shall state the whole evidence so produced as aforesaid, that it may become a part of the record." Section 790 of the General Statutes provides for the filing of a notice of appeal within one week after judgment, and § 791 provides that "if no finding of facts or further action of the judge be necessary to present properly the questions in the cause, the party appealing shall, within ten days from the rendition of such judgment, file an appeal . . . "; and § 793 provides for the filing of a request by the appellant for a finding within two weeks after the judgment appealed from.

After the denial of the motion to set aside the nonsuit, no finding of facts nor even a certification of the evidence was necessary to enable the plaintiff to file his appeal. Nor was the trial judge, at any time, required to make a statement or certification of the evidence in the case until the plaintiff had presented to him a statement of such evidence. *Lynahan* v. *Church*, 82 Conn. 132, 134, 72 Atl. 726.

Hart *v.* Farchau.

The statute provides that the judge shall state the evidence that it may be made a part of the record. He cannot properly refuse to state the evidence when it is duly presented to him. The filing of the written motion of February 3d asking for a certification of the evidence, but unaccompanied by the evidence, presented no question for the decision of the trial judge.

Apparently the plaintiff did not present the evidence to the trial judge for certification until February 21st, 1910, as the record shows that the stenographer certified it on that day. Having delayed the presentation of the evidence to the trial judge for certification for more than ten days from the denial of the motion to set aside the nonsuit, the certification of the evidence by the trial judge on the 22d of March did not—in the absence of any extension by him of the time for filing the appeal, and no such extension is alleged in the answer—entitle the plaintiff to file either the appeal of February 12th or that of March 22d.

The denials, in the answer to the plea in abatement, of averments of fact in the plea, which facts are matters of record, raise no issues which can be contested.

The demurrers to the further answers to the plea in abatement are sustained, and the appeal dismissed, with costs to the appellee.

In this opinion the other judges concurred.