CATHERINE BASNEY
*vs.*
LOUIS SACHS, COMPENSATION COMMISSIONER,
ET AL.

RICHARD GRADANTE
*vs.*
LOUIS SACHS, COMPENSATION COMMISSIONER,
ET AL.

| Superior Court | Hartford County | File Nos. 72838 |
| | | 72839 |

MEMORANDUM FILED FEBRUARY 20, 1945.

*Cole and Cole,* of Hartford, for the Plaintiffs.

*Francis A. Pallotti, Attorney General,* and *Bernard A. Kosicki, Assistant Attorney General,* for the Defendants.

INGLIS, J. These are applications for writs of prohibition directed against a Workmen's Compensation Commissioner and the respondents in two cases pending before him. The applicants here are the claimants before the Commissioner.

It is alleged that they filed written motions praying the Commissioner to order their attending physicians, who had been furnished by their employers, to make written reports to them concerning their respective injuries, including the diagnosis and prognosis of their condition, and that the Commissioner denied those motions. The prayers for relief are simply for writs of prohibition without specifying in detail just what it is that they desire this court to prohibit. Upon argument they suggest that the judgment should direct the Commissioner to revoke his denial of the motions and then prohibit him from continuing to deny them. The demurrers raise the question as to whether the writ of prohibition lies under such circumstances.

In this State the issuance of a writ of prohibition is governed by statute. *Fayerweather vs. Monson,* 61 Conn. 431, 441. Although the writ is in general of the same nature and has many of the characteristics of the common-law writ, nevertheless, the cases in which it lies are prescribed by the statute, which is section 5917 of the General Statutes, Revision of 1930. That section reads in part as follows: "When any person shall make complaint to the superior court, or, when such court shall not be actually in session, to any judge thereof, that any inferior court or tribunal exceeds its jurisdiction, or holds plea of any matter or cause whereof by law it has no cognizance, by which the complainant is aggrieved, such court or judge may grant a rule, subscribed by the clerk of the court, or by such judge, directed to the party prosecuting, as well as to the judge or judges of such inferior court or tribunal, to appear before the superior court, or such judge, in such reasonable time as such court or judge shall appoint, to show cause why a writ of prohibition should not be issued against them. If the party complained of shall neglect or refuse to appear, said court or such judge shall issue a writ of prohibition as prayed for; but, if such party shall appear, he may plead any proper matter of defense, and said court or such judge may examine and decide upon the truth, as well as the sufficiency of the facts arising in the cause, and, if sufficient ground shall be found, shall issue a writ of prohibition to the party prosecuting the cause, and to the judge or judges of such inferior court or tribunal, commanding them to proceed no further in the trial of the cause, and shall tax costs in favor of the complainant. . . ."

This statute appears in substantially the same form in the Revision of 1808 (Title CXXXIII, 558) with the notation that it had been passed in November, 1740, and modified at the revision in 1750. Accordingly, *Swift's Digest* was written after this statute was in effect and that work at page 565, volume 1, has this to say: "The only two grounds of prohibition are, that the court assume a power to act in matters not within their cognizance, or where a statute has prescribed a particular mode of proceeding, they act differently from the prescription of the act; but where a court acts within their jurisdiction, though they have decided wrong, this can never be a ground of prohibition; it is a proper subject of review or appeal." This excerpt from *Swift* is quoted with approval in *Fayerweather vs. Monson, supra,* p. 441, and is without doubt the correct delimitation of the function of the writ of prohibition under the statute. *Sherwood, Receiver vs. New England Knitting Co.,* 68 Conn. 543; *Toomey vs. Comley,* 72 *id.* 458; *Whitehead vs. Roberts,* 86 *id.* 351.

Applying this description of the function of the writ to the facts of these cases, it is of course apparent that the action of the Commissioner of which the applicants complain was an action which was well within his jurisdiction. The applicants concede this, as indeed they must, because it was they who moved for the action. Accordingly, these cases are not cases in which the inferior court has assumed "a power to act in matters not within [its] cognizance." The only possible question, therefore, is as to whether they are situations where a statute has prescribed a particular mode of proceeding and the lower court has acted differently from the act. When *Swift* says that a writ of prohibition lies in a case "where a statute has prescribed a particular mode of proceeding, (and) they (the court) act differently from the prescription of the act", he intends that the word "mode" shall be emphasized. He means only a situation where a court gets jurisdiction to enter a judgment only by virtue of a statute and that statute directs the method of procedure which must be followed in order to give the court jurisdiction. A typical example is the very situation which was involved in *Fayerweather vs. Monson, supra,* where a probate court, having only such jurisdiction as was granted by statute, was prohibited from proceeding with an insolvency matter which had not been started in the mode prescribed by the statute.

That clearly is not the situation presented in the present cases. It is true, of course, that the Commissioner has only such jurisdiction of compensation cases as is given him by statute. But as regards the particular action of his which is here complained of, *i.e.*, his action in denying the motions, if it is assumed that he had jurisdiction to entertain those motions, and the applicants must of course assume that, there is nothing in the statute which prescribes the mode of procedure on such motions. So far as the mode of procedure is concerned the Commissioner has not violated any prescription of any statute. As a matter of fact, what the applicants are aggrieved by is only the conclusion at which the Commissioner arrived. They complain only that he denied their motions. They have no complaint of the mode of procedure by which he reached that conclusion.

It is clear, therefore, that these cases do not involve either of the two grounds upon which *Swift* says a writ of prohibition may be issued. On the contrary, they fall within the third category of cases referred to by *Swift*. They are cases where a court has acted within its jurisdiction and where, as he says, "though they have decided wrong, this can never be a ground of prohibition." In other words, if the decision on these motions made by the Commissioner were wrong, as claimed by the applicants, nevertheless that decision was within the jurisdiction of the Commissioner to make. If the Commissioner erred, the applicants here will have their remedy by way of appeals from his findings and awards. That remedy may be delayed but it is nevertheless an adequate remedy and it is fundamental that no extraordinary legal remedy nor prerogative writ is available when the party applying for it has another remedy. *Toomey vs. Comley*, 72 Conn. 458, 464.

That the writ of prohibition is not appropriate in the present cases is brought out clearly by at least two other considerations. The first of these is that the statute provides that it shall be directed to "the party prosecuting" the action in the inferior court. In the present cases it is the applicants who are or were prosecuting not only the proceedings as a whole before the Commissioner but also the particular motions with reference to which these applications are made. The point is that the sole purpose of the writ of prohibition is to stay proceedings. That is why it is directed "to the party prosecuting." It is not designed to control the lower court in its decision of

any matter which is properly before it. That is the reason why the statute does not anticipate that it may be sought by the party who is prosecuting the case in the lower tribunal.

In the second place, it becomes clear that prohibition is not an appropriate remedy here when consideration is given to the question as to what might be prohibited if judgment were to be entered for the applicants. Clearly the most that could be done would be to direct the Commissioner to revoke his former action and prohibit him from denying the motions again in the future — that is, from taking any further action. This would be of no advantage to the applicants. What they really need is affirmative action on the part of the Commissioner. A writ of prohibition can act only in a negative way to prevent action. It is not available to compel a positive action, as is a mandamus. That is fundamental. The only writ authorized by the statute is one "commanding them to proceed no further in the trial of the cause." And the fact that the use of the writ of prohibition in these cases could in no way avail the applicants, emphasizes the conclusion that it is not appropriate to the present situation.

Although the demurrers set up as a ground of demurrer that the Workmen's Compensation Commissioner is not a court or tribunal, that ground was not pressed and, therefore, is not here decided.

For the foregoing reasons the demurrers are sustained.