## THE CONNECTICUT REFINING COMPANY v. ALFONSO SAVIELLO ET AL

Hon. James E. Murphy, A Judge of the Superior Court

Memorandum filed September 4, 1947.

*Leon M. Gabriel* and *William L. Beers,* of New Haven, for the Applicant.

*Philip R. Pastore,* of New Haven, for the Respondents.

MURPHY, J. This is an application for a writ of prohibition against the defendants, all of whom, with the exception of the last named are plaintiffs in an action brought to the September, 1947, Term of the Court of Common Pleas at New Haven.

In that action the plaintiffs therein are seeking an injunction to restrain the defendant therein (the present plaintiff) from erecting a gasoline station on property in New Haven, and damages of $2500. On July 28, 1947, the defendant John Clark FitzGerald, a judge of the Court of Common Pleas, issued a temporary injunction restraining the present plaintiff from proceeding with the erection of the station. A motion to dissolve the temporary injunction was heard by Judge FitzGerald and was denied on August 18, 1947. The written motion, as filed with Judge FitzGerald, did not attack the jurisdiction of the Court of Common Pleas, but it was agreed by counsel at the hearing in the present matter that in argument before Judge FitzGerald the present plaintiff claimed that the action in the Court of Common Pleas exceeded its jurisdiction and that the temporary injunction should be dissolved for that reason.

The writ of prohibition is sought because it is claimed by the plaintiff that, as the property upon which it is proposed to build the gasoline station exceeds $2500 in value and the gas station building when constructed would also be worth more than $2500, the Court of Common Pleas does not have jurisdiction.

The Court of Common Pleas is a court of limited jurisdiction. It has, however, exclusive jurisdiction of all civil actions in which both equitable and legal relief are sought and in which the equitable and legal relief, severally and distinctly demanded, do not exceed $2500. General Statutes, Sup. 1941, § 808f. The writ demanded damages of $2500 and an injunction. The action was therefore prima facie within the jurisdiction of the court. In determining the question of jurisdiction, "The ordinary rule is 'that the matter in demand' is to be determined upon the allegations of the complaint and the demand for relief." *Congregation B'nai Israel* v. *Dymytruk,* 129 Conn. 415, 418.

Writs of prohibition are extraordinary remedies only occasionally used. "A writ of prohibition against an inferior

court ought not to issue unless it appears that there has been a clear excess of jurisdiction, to the injury of the applicant and that he has no other adequate remedy." *Toomey* v. *Comley,* '72 Conn. 458.

By appropriate pleading, the question of jurisdiction may be raised in the Court of Common Pleas upon the return of the writ. There is, therefore, an adequate remedy in that court and the issuance of the writ would be contrary to the following:

"The Court of Common Pleas, the Superior Court, and the judges of both, derive their power and jurisdiction from the same sovereignty. They are component parts in one judicial scheme, the whole being designed for the welfare and happiness of the people of the State. Such courts ought at all times to act with mutual respect for and forbearance towards each other. Each should act on the presumption that the other is desirous to exercise only its own proper jurisdiction. Between such courts jealousies would be unseemly; and any hasty or arbitrary exercise of authority would be inexcusable." *Sherwood* v. *New England Knitting Co.,* 68 Conn. 550.

The writ of prohibition ought not to issue and the application is dismissed with costs to respondents.