WINCHESTER REPEATING ARMS COMPANY *v.*
WILLIAM RADCLIFFE ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 8—decided November 14, 1947

*John I. Ely,* with whom, on the brief, was *Frederick H. Wiggin,* for the appellant (plaintiff).

*James F. Rosen,* with whom were *Ellen L. Bree* and, on the brief, *George W. Ross,* for the appellees (defendants).

MALTBIE, C. J.   The claim of the named defendant, a former employee of the plaintiff, for unemployment compensation, as well as the claims of some forty other of its former employees, was approved by the administrator acting by a proper representative.   The plaintiff was given notice of the ruling, filed an appeal and applied for a hearing before an unemployment commissioner, based upon the claim that the unemployment was due to the existence of a labor dispute at the plaintiff's factory. General Statutes, Cum. Sup. 1939, § 1339e (b)(3). The defendant made a motion to dismiss the appeal

and it was granted by a panel of three commissioners on the ground that the commission had no jurisdiction of the appeal. From that decision the plaintiff appealed to the Superior Court, and in that court the appeal was on motion dismissed. The plaintiff then appealed to this court.

When the ruling of the commissioners was made, the Unemployment Compensation Act provided that a compensable separation should be charged against an employer if he had employed the employee during at least four different calendar weeks in the fifty-six-day period preceding the beginning of the compensable period. Cum. Sup. 1939, § 1337e(c). The employees ceased work on September 21, 1946, and compensation was awarded for the period beginning October 20, 1946. Consequently, the conditions upon the basis of which compensation is chargeable against the plaintiff's merit rating were not present. The commissioners ruled that they lacked jurisdiction because the plaintiff was not an employer against whose merit rating account the compensation awarded the employees could be charged.

The act as it stood when the commissioners dismissed the appeal required the administrator to give prompt notice of a decision upon a claim for compensation to the claimant and "the employers against whose merit rating accounts compensable separations due to any benefits awarded by the decision might be charged," and provided further that the decision should be final "unless the claimant or any such employers" should file an appeal and apply for a hearing. General Statutes, Sup. 1945, § 967h. The plaintiff claims before us that it has a sufficient interest to entitle it to appeal, for the following reasons: The word "might" gives to the provision for appeal a broader significance than it would have

had if the word "will" had been used, and a mere possibility that the plaintiff would be financially affected, therefore, gave it a right of appeal; an act passed by the General Assembly in 1947 (Sup. 1947, § 1380i) provides that, if the unemployment compensation fund on June 30 of that year or any subsequent year exceeds a certain amount, the administrator shall issue credit memoranda notices to merit rated employers in proportion to their contributions during the year previous to that day, and this gives the plaintiff an interest in maintaining the fund; if the general fund from which compensation is paid is depleted by the allowance of improper claims, the plaintiff will suffer injury in common with all contributing employers; public policy dictates that employers should have a right to appeal and be heard as regards such an award of compensation as was made in this case; and to deny a hearing to the plaintiff would violate the provision of the fourteenth amendment to the constitution of the United States which forbids any state to deprive any person of property without due process of law, and the provision of § 12 of article first of the Connecticut constitution which guarantees a remedy by due course of law to every person injured.

The situation before us does not require that we determine these claims. The awards of compensation allowed in these cases will not affect the amount of contributions the plaintiff must make, because that is determined upon the basis of the plaintiff's merit rating, which the awards concededly will not affect; nor will they affect the refunds provided for in the 1947 act, because these are to be made in proportion to such contributions. According to the last available report of the department of labor and factory inspection, contributions to the unemploy-

ment compensation fund during the fiscal year ending June 30, 1945, amounted to almost $300,000,000, and on that day the fund available to pay compensation was more than $169,000,000; some 585,000 employees were within the scope of the act, and more than $1,646,000 was paid in benefits during that year to about 87,800 employees, with an average payment of $18.74; and the allowance of benefits to the some forty employees involved in this controversy certainly would have no appreciable effect upon the interests of employers as regards the fund in general. With reference to the future, any injury which could come from the denial of the right of the plaintiff to appeal in this case is obviated by an amendment to the act made by the General Assembly at its session in 1947 which permits an appeal by any employer who claims that the unemployment is due to a labor dispute at his factory, establishment or premises; Sup. 1947, § 1391i; and by this act the legislature has itself settled any question of public policy in such a situation as the one before us. It does not appear that by the denial of an appeal in this case the plaintiff has suffered or will suffer any appreciable harm. Certainly the record discloses no such substantial injury to it from that ruling, present or future, as entitles it to invoke either of the constitutional provisions to which it refers. *Gange Lumber Co.* v. *Rowley*, 326 U. S. 295, 305, 66 S. Ct. 125, 90 L. Ed. 85. This court does not sit to determine questions where the record shows that at most only remote or possible injuries can be suffered from leaving undisturbed the judgment of the lower court. *Watson* v. *New Milford*, 72 Conn. 561, 565, 45 A. 167; *Shopper Publishing Co.* v. *Skat Co.*, 90 Conn. 317, 323, 97 A. 317; *Rollins* v. *Holcomb*, 122

Conn. 664, 666, 190 A. 260; *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A. 2d 22.

Two incidental matters may be mentioned. The plaintiff filed a request for a finding, the trial court refused to make one because it had heard no evidence, and the plaintiff assigns error in that refusal. A failure to make a finding is not assignable as error; the proper procedure where a court refuses to make one is a motion to this court for an order that it do so. Conn. App. Proc. § 140. As, however, the plaintiff argues rather at length in its brief that a finding should have been made, we add this: We have repeatedly stated that a trial court should not make a finding of facts where it hears no evidence. The reason is that such a finding would add nothing to the record; indeed it might well cloud the issue. *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 557, 53 A. 2d 655; *Dion* v. *Dion,* 128 Conn. 416, 417, 23 A. 2d 314. That is well illustrated in the case before us. The parties had filed a stipulation which incorporated, as it states, "the complete record of the proceeding before [the] commissioners" and which recited that the papers in that record contained all the facts necessary to the determination of the case. Certainly a finding of facts would add nothing which would be helpful; indeed the draft finding merely repeated facts stated in these papers. While we have not always been careful to confine our statements of the principle to a finding of facts, it is, of course, true that, even where no additional facts can be found, a finding might be made in a proper case for the purpose of setting forth the conclusions of the court, claims made at the trial, or like matters. See Conn. App. Proc. § 75. The request for a finding in this case did not, however, present such a situation.

The attorneys for the defendants filed a motion in this court for an order that the costs of printing their brief should be deemed expenses to be paid by the administrator under the provisions of General Statutes, Cum. Sup. 1939, § 1341e (h), and that he be directed to pay them. The statute provides: "Subject to the approval of the commissioner, witnesses shall be allowed fees as provided by law in civil actions. Such fees and all expenses of proceedings involving disputed claims shall be deemed a part of the expense of administering this chapter." In view of the small sum which is involved in this case and which would be involved in other similar appeals, we regret our inability to consider this motion, thus leaving the matter to be determined by some other process of law, with all the expense incident thereto. We cannot, however, entertain the motion, because that would be to exercise an original jurisdiction which this court does not have. See *Dudley* v. *Deming,* 34 Conn. 169, 174; *Ansonia Water Company's Application,* 80 Conn. 326, 68 A. 378; *State* v. *Gross,* 109 Conn. 738, 147 A. 670; *Rindge* v. *Holbrook,* 111 Conn. 72, 75, 149 A. 231.

The appeal is dismissed.

In this opinion the other judges concurred.