GEORGE COOPER ET AL. *v.* YALE MATZKIN ET AL.

ALCORN, C. J., HOUSE, COTTER, THIM and RYAN, Js.

Submitted December 9, 1970—decided January 20, 1971

*Kenneth R. Kreiling,* in support of the motion.

*Daniel R. Schaefer,* assistant attorney general, in opposition.

House, J. This matter has come before us on a motion for review filed pursuant to the provisions of Practice Book § 694. The moving parties, hereinafter referred to as the plaintiffs, have taken an appeal to this court and have moved that this court review the action of the Superior Court in denying their application for a waiver of fees, costs, expenses and security in connection with their appeal, that it vacate the order of the Superior Court and that it order that their application for the waiver be granted.

The circumstances of the appeal and the proceedings underlying it are material to a consideration of the merits of the motion for review. The plaintiffs were presented in the Circuit Court on criminal charges. They claim to be indigent and without sufficient funds for their defense. They elected not to be represented by a public defender available to them there. General Statutes § 54-81a. Rather, they elected to bypass the procedures established by the state to afford full legal representation to indigents in the circumstances and instead accept publicly supported legal services otherwise provided for them. The record does not fully disclose the extent of the proceedings in the Circuit Court. It does disclose that while those proceedings were pending the plaintiffs, acting by the counsel who volunteered to represent them in the Circuit Court, filed a civil action in the Superior Court for a writ of prohibition. The application for the writ recites that the plaintiff Darryll Pendergrass filed in the Circuit Court a

motion to dismiss the case against him there, which motion the court denied. It also discloses that the plaintiff George Cooper filed in the Circuit Court a plea in abatement and a request to dismiss the information against him, which the Circuit Court also denied. Their application for the writ sought an order from the Superior Court directed against the two judges of the Circuit Court then sitting in the sixth circuit, prohibiting them from ruling that, in such instances of motions to dismiss, the movant had the burden of going forward with evidence to support his motion to dismiss.

The Superior Court denied the application for the writ of prohibition against the Circuit Court judges. It held that a procedural matter incident to a motion filed in a case over which the court has proper jurisdiction cannot give rise to a writ of prohibition, citing *Toomey* v. *Comley,* 72 Conn. 458, 464, 44 A. 741, *Sherwood* v. *New England Knitting Co.,* 68 Conn. 543, 37 A. 388, and the following well-stated rule from the opinion of Judge (later Chief Justice) Inglis in *Basney* v. *Sachs,* 13 Conn. Sup. 280, 283: " 'The only two grounds of prohibition are, that the court assume a power to act in matters not within their cognizance, or where a statute has prescribed a particular mode of proceeding, they act differently from the prescription of the act; but where a court acts within their jurisdiction, though they have decided wrong, this can never be a ground of prohibition; it is a proper subject of review or appeal.' This excerpt from *Swift* is quoted with approval in *Fayerweather* v. *Monson,* . . . [61 Conn. 431, 441, 23 A. 878], and is without doubt the correct delimitation of the function of the writ of prohibition under the statute. *Sherwood, Receiver* v. *New England Knitting Co.,* 68 Conn. 543 [, 37 A. 388]; *Toomey* v. *Com-*

*ley,* . . . [72 Conn. 458, 44 A. 741]; *Whitehead* v. *Roberts,* . . . [86 Conn. 351, 85 A. 538]. . . . If the . . . [court] erred, the applicants here will have their remedy by way of appeals . . . . That remedy may be delayed but it is nevertheless an adequate remedy and it is fundamental that no extraordinary legal remedy nor prerogative writ is available when the party applying for it has another remedy. *Toomey* v. *Comley,* 72 Conn. 458, 464 [44 A. 741]."

In these proceedings it is pertinent to quote the further observations of former Chief Justice Inglis (pp. 284, 285) : "The point is that the sole purpose of the writ of prohibition is to stay proceedings. . . . It is not designed to control the lower court in its decision of any matter which is properly before it. . . . A writ of prohibition can act only in a negative way to prevent action. . . . The only writ authorized by the statute is one 'commanding them to proceed no further in the trial of the cause.' " The latter provision remains unchanged in our current statutes, General Statutes § 52-490, which since title 61 of the Revision of 1821 have limited the court issuing such a writ of prohibition to the issuance of an order commanding the subject tribunal "to proceed no further" in the trial of the cause or suit pending before it. As we have noted, the plaintiffs' application to the Superior Court made no claim that the Circuit Court lacked jurisdiction to hear the cases of the plaintiffs nor did it seek an order that the Circuit Court proceed no further in the trials of the plaintiffs.

In view of the provisions of the statute, the authorities cited, the lack of any allegation that the Circuit Court lacked jurisdiction to try the plaintiffs for the crimes alleged, and the availability of remedy by appeal in the event of any erroneous ruling by

the Circuit Court, the Superior Court denied the application for the issuance of the writ of prohibition. It is from this judgment that the plaintiffs have taken an appeal to this court and it is in connection with that appeal that they moved in the Superior Court for a waiver of fees, costs, expenses and security and, on the denial of that motion by the Superior Court, have filed the present motion to review that denial.

The Superior Court in denying the motion for the requested waiver made a special finding, following the procedure suggested in *State* v. *Hudson,* 154 Conn. 631, 228 A.2d 132. The plaintiffs have made no attack on the findings of fact or the conclusions reached by the court based on those findings. The court concluded that the writ of prohibition is a civil proceeding, that the issues raised in the application for the writ should be raised in an appeal from the criminal proceedings, and that that right of appeal is a fully adequate remedy available to the plaintiffs. It further concluded that if the plaintiffs are in fact indigent they may in those proceedings apply for a special public defender whereupon costs will be waived and necessary expenses reimbursed by the state and they may also apply for a waiver of costs, fees and security pursuant to § 603 of the Practice Book, applicable to indigent defendants in criminal cases.

We have reviewed at some length these circumstances underlying the present motion because we deem them relevant to a determination of the merits of the motion and the problem presented by the motion lies in the still-developing field of states' obligations under the equal protection clause of the fourteenth amendment to the federal constitution. See *Boddie* v. *Connecticut,* 286 F. Sup. 968 (D.

Conn.), appeal to the United States Supreme Court pending. The motion raises a basic question. Where the state has provided that an indigent defendant in a criminal case may without cost to him be provided with competent defense counsel and the expenses necessary to his defense and that on conviction he may appeal with all costs waived but the indigent elects or is persuaded to bypass the state-provided means for his free defense and free appeal and chooses to proceed with counsel other than that provided by the state and on advice of that counsel, before the trial on the criminal charges, starts a civil proceeding in the Superior Court seeking a writ of prohibition against the judge presiding in the criminal case and thereafter seeks to appeal from that unsuccessful effort, must the Superior Court then order that all fees, costs, expenses and security incurred in the appeal from that fruitless civil excursion be provided at state expense? In our opinion it need not. Nor are we persuaded that *Griffin* v. *Illinois,* 351 U.S. 12, 19, 76 S. Ct. 585, 100 L. Ed. 891, *Roberts* v. *LaVallee,* 389 U.S. 40, 88 S. Ct. 194, 19 L. Ed. 2d 41, and similar cases hold to the contrary.

Connecticut has been in the vanguard of the jurisdictions which have adopted measures to assure to indigents in criminal cases the full protection of their legal rights regardless of their inability to pay for such protection. These measures apply not only to criminal trials and to appeals following such trials but to the assertion of post-conviction claims. We recently noted many of these provisions in *State* v. *Hudson,* supra, 635, and it is unnecessary to detail them again. It is, perhaps, significant to note that following that decision and the finding which this court then directed, an order was issued that that defendant's application for waiver of appeal costs be

granted. *State* v. *Hudson,* 155 Conn. 719, 231 A.2d 283.

As we noted in the first *State* v. *Hudson* case, 154 Conn. 631, 228 A.2d 132, the right to legal and financial assistance is not unlimited. It is the duty of the state to provide adequate means to assure that no indigent accused lacks full opportunity for his defense, appeal and post-conviction remedies. On the other hand, the state is under no duty to finance unfounded, collateral, civil legal excursions, or all the novel theories which some attorney may wish to explore so long as it can be accomplished at the taxpayers' expense rather than that of a paying client. While it is not the only safeguard available, our public defender system, calling for the appointment of experienced, qualified and responsible counsel, is a proper and appropriate protection against such impositions.

In the present cases we are satisfied that the state has made available fully adequate means for the protection of all the rights of the plaintiffs as accused persons and that their right of appeal (at the expense of the state if their circumstances warrant it) from any conviction in the Circuit Court affords to them a full and proper remedy for any error in that court or for any alleged infringement upon their rights by that court.

We have reviewed the action of the Superior Court in denying the plaintiffs' application for a waiver of fees, costs, expenses and security in connection with their appeal from that court's denial of their petition for a writ of prohibition and find no error in the ruling of the court.

There is no error.

In this opinion ALCORN, C. J., THIM and RYAN, Js., concurred; COTTER, J., concurred in the result.