ERICKA HUGGINS ET AL. *v.* HAROLD M. MULVEY

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Submitted February 25—decided March 2, 1971

*Catherine G. Roraback, David N. Rosen,* and, of the California bar, *Charles R. Garry,* in support of the motion.

PER CURIAM. The plaintiffs have moved this court for leave to file an attached petition for a writ of mandamus "and/or" writ of prohibition, and for an immediate hearing thereon. Mandamus is available to compel the performance of a purely ministerial act and will not lie to direct the performance of an act involving the exercise of judgment or discretion. *State ex rel. Scala* v. *Airport Commission,* 154 Conn. 168, 176, 224 A.2d 236, and cases cited. It cannot and does not act on a doubtful and contested right. *Carilli* v. *Pension Commission,* 154 Conn. 1, 12, 220 A.2d 439. The writ has never been used as an appropriate procedure for the exercise of this court's jurisdiction. *Ansonia Water Co.'s Application,* 80 Conn. 326, 327, 68 A. 378. A writ of prohibition "is a prerogative writ, to be issued with great caution, and for securing order and regularity in all tribunals, where there is no other regular and ordinary remedy. *Sherwood* v. *New England Knitting Co.,* 68 Conn. 543, 549, 37 Atl. 388. Where, as in this State, there is a remedy by appeal, it will not lie to arrest the proceedings" in a lower court. *Whitehead* v. *Roberts,* 86 Conn. 351, 360, 85 A. 538. The writ is not one to be used except in a case in which there has been a clear excess of jurisdiction by which the applicant for the writ was injured and when he has no other remedy. *Toomey* v. *Comley,* 72 Conn. 458, 464, 44 A. 741. A writ of prohibition does not lie to a court which is proceeding within the limits of its jurisdiction. *Ex parte Bakelite Corporation,* 279 U.S. 438, 461, 49 S. Ct. 411, 73 L. Ed. 789; *Cooper* v. *Matzkin,* 160 Conn. 334, 278 A.2d 811. It is not available as a substitute for an appeal from a court having jurisdiction. *Ex parte Oklahoma,* 220 U.S. 191, 208, 31 S. Ct. 426, 55 L. Ed. 431; see *Bandini Petroleum Co.* v. *Supe-*

*rior Court,* 284 U.S. 8, 15, 52 S. Ct. 103, 76 L. Ed. 136. Nor is mandamus a proper remedy where, in regular course, a lower court's decision may be reviewed upon appeal. See *Maryland* v. *Soper,* 270 U.S. 9, 29, 46 S. Ct. 185, 70 L. Ed. 456. Neither mandamus nor a writ of prohibition is warranted in situations in which the right of appeal from the action complained of exists. *Ex parte United States,* 263 U.S. 389, 393, 44 S. Ct. 130, 68 L. Ed. 351; *Ex parte Tiffany,* 252 U.S. 32, 37, 40 S. Ct. 239, 64 L. Ed. 443; see *Ex parte Muir,* 254 U.S. 522, 534, 41 S. Ct. 185, 65 L. Ed. 383.

The petition which the plaintiffs seek permission to file makes no allegation whatever that the Superior Court lacks jurisdiction in any of the matters complained of nor, indeed, is there any basis for such an allegation. The action of the court in all of the matters which are complained of could properly be made an issue in an appeal from the final judgment. The plaintiffs' rights are fully protected by the remedy of appeal which is open to them at the conclusion of the case now pending in the Superior Court.

The motion for leave to file the attached petition for writ of mandamus "and/or" petition for writ of prohibition, and for an immediate hearing thereon has been considered and is denied.