[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: RESPONDENT MOTHER'S MOTION FOR WAIVER OF COSTS AND FEES
On September 4, 1990 a trial was held on coterminous petitions of neglect and termination of parental rights concerning the respondent mother in the above cited case. In a Memorandum of Decision issued on October 10, 1990, the court, after finding that the subject child was neglected, and further having found proven by clear and convincing evidence grounds for terminating the parental rights of mother and that such action was in the best interest of the child, ordered that the parental rights of the respondent mother be terminated.
On October 29, 1990, the day before the expiration of the twenty day appeal period, counsel for the respondent filed a motion seeking to extend the period of time for appeal for an additional twenty days. That motion was granted on the same day. Additionally, trial counsel sought permission to withdraw from further involvement in the case in that she had accepted employment outside of this area. That motion was granted and the court Suo Moto, appointed Attorney Brian Griffin as counsel for mother for the sole purpose of reviewing the case to independently determine whether there were any grounds for an appeal.
On November 11, 1990 Attorney Griffin submitted a written report to the court in which he indicated that he had conducted "an extensive and thorough review of this matter." He stated, "I am unable to find any grounds on which such an appeal could be based and believe any appeal undertaken in this matter would be without merit and would be fruitless. Given these circumstances, it is my duty to inform you that this case should not be appealed."
On November 16, 1990, the respondent mother filed with the court an Application of Waiver of Fees, pursuant to section 4017 of the Connecticut Practice Book, for the purpose of appealing the termination of her parental rights. A hearing was conducted on the respondent's application on November 28, 1990.
Included with the application for waiver of fees was an affidavit of indigency; however, the application was not under oath, it did not state the grounds upon which the applicant proposed to appeal, nor was it accompanied by an affidavit stating the grounds upon which an appeal was being proposed. Consequently, the application is denied because it is not in compliance with the requirements of the Connecticut Practice Book.[1]
The Connecticut Rules of Practice, Section 4017, permits the trial CT Page 4856 court to waive the payment of costs, fees and expenses "If the court is satisfied that the applicant is indigent and entitled an appeal . . . ." There is no right to appeal at public expense if said appeal is or would be frivolous. Copper v. Matzkin, 160 Conn. 34 [160 Conn. 334], 340; State v. Hudson, 154 Conn. 631, 637 (1967).
Court appointed independent counsel for the respondent mother was instructed to determine whether there were grounds upon which an appeal could be based. Counsel concluded that such appeal would be without merit. Consequently, the court finds that the requirements of Anders v. California,386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, Douglas v. California,372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, and Fredericks v. Reincke, 152 Conn. 501 (1965) have been satisfied in the instant case. See State v. Pascucci, 161 Conn. 382, 387 (1971). In addition, pursuant to State v. Pascuci, the court independently has thoroughly examined all of the proceedings including the file, briefs of attorneys, and its own findings in this matter, and can find no ground upon which a successful appeal could be based and therefore finds that such appeal would be wholly frivolous. See: State v. Croom, 165 Conn. 371 (1973).
Thus, the respondent's application for waiver of costs and fees is also denied because the court, for the reasons stated, is not satisfied that she is entitled to an appeal. (P.B. 4017).
If an appeal is filed within the statutory time remaining to take an appeal, and the respondent secures counsel who, in the sound exercise of his or her professional judgment is willing to represent the respondent in such appeal, said attorney, if qualified, may seek to be appointed by the court in order to be compensated by the state.
Dated at Rockville this 3rd day of December, 1990.
TERENCE A. SULLIVAN, JUDGE