[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The pro se plaintiff in this matter has applied pursuant to Practice Book § 4017 for a waiver of fees, costs and expenses for his intended appeal to the Appellate Court from the orders of this court (Pellegrino, J.) granting motions to dismiss this case as to all three defendants. This action arises out of a complaint filed by the plaintiff with the defendant Commission on Human Rights and Opportunities ("CHRO"). The defendant Donald E. Newton is CHRO's west central regional manager, who ordered a dismissal of the plaintiff's complaint for lack of jurisdiction in that CHRO does not have jurisdiction over federal agencies such as the defendant United States Department of Justice ("Justice"). (The plaintiff contends that Justice had discriminated against him based on his national origin when it foreclosed against his home for recovery of a student loan.) After the dismissal of his CHRO complaint, the plaintiff brought CT Page 3118 this action which purports to be in the nature of an appeal from CHRO and also seeks money damages.
Practice Book § 4017 permits the court to waive fees and costs and to order the state to pay the necessary expenses of appeal if the court is satisfied (1) that the applicant is indigent and (2) that the applicant is entitled to an appeal.Caron v. Adams, 33 Conn. App. 673, 693 (1994). The waiver of fees is discretionary with the court. Id.
At the hearing on his application the plaintiff testified under oath that his sole income is $483.00 per month from SSI disability payments from the Social Security Administration. The plaintiff testified about his expenses and stated that his expenses exceed his income some months. He further testified that he did not own a car or anything else of value. He has a bank account, the balance of which does not exceed $100.00. The court finds that the plaintiff is indigent.
The second issue before the court on its review of the plaintiff's application is whether he is "entitled to an appeal." Practice Book § 4017. "The quoted phrase, obviously, means something more than the statutory right to an appeal . ."Ferrucci v. Davidson, 22 Conn. Law Tribune No. 19, May 12, 1986, (Barnett, J.). In a decision which has been called "well-reasoned", Conn. Practice Book Annotated, § 4017, 1995 Edition, Authors' Comments, the court held that a predecessor section to section 4017, which also required a court finding of entitlement to appeal, required a finding that the appeal is nonfrivolous. Id. A frivolous appeal, the court ruled, is one where the applicant's likelihood of success is slight. Id. To determine whether the plaintiff's proposed appeal is frivolous, the court should examine the trial court ruling and the issues which the applicant intends to raise on appeal.
The defendant Justice filed a motion to dismiss this action, which was granted by the court. The motion was based on res judicata, the prior pending action doctrine (based on suits filed by the plaintiff in federal court) and sovereign immunity insofar as the plaintiff seeks monetary relief. The motion was granted on all three grounds.
In accordance with the provisions of Practice Book § 4017, the plaintiff set forth as part of his application the issues which he intends to raise on appeal. Of the several issues CT Page 3119 listed, only one addresses the court's ruling on Justice's motion to dismiss. (At the hearing on the plaintiff's application he verbally identified two additional issues which he intends to raise on appeal. Although both issues were somewhat unclear, neither was understood to address the court's ruling on the remaining issues raised in Justice's motion to dismiss.) The plaintiff intends to raise on appeal whether the trial court erred in finding that the defendant enjoyed sovereign immunity.
The court finds that there is no realistic likelihood of success on plaintiff's claim that Justice does not enjoy sovereign immunity with respect to a claim for money damages. It is well-established that federal agencies are immune from suit for damages unless there is a waiver of sovereign immunity.Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983). No such waiver has been claimed or established by the plaintiff.
The defendants CHRO and Newton also filed a motion to dismiss on multiple grounds. The motion was granted on only one ground, that the plaintiff lacked aggrievement. The court found that the plaintiff is not an aggrieved party. None of the issues which plaintiff proposes to raise on appeal challenges the court's finding that plaintiff is not aggrieved. Consequently, it is very unlikely that the plaintiff could prevail in an appeal.
Most of the remaining issues identified by the plaintiff relate to issues raised by the parties but not decided by the court. Where the trial court does not address an issue, it cannot be properly raised before an appellate court. HartfordFederal Savings Loan Assn. v. Tucker, 181 Conn. 607, 608-9
(1980).
The remaining two issues which the plaintiff intends to raise on appeal are also without merit. The plaintiff wants to raise the issue of whether the judge who decided the motions to dismiss understands the law "or is a prejudice [sic] jurist that likes to discriminate against people . . ." There is no basis in the court file or the record for any such claim. The plaintiff's final issue relates to his alleged right to a jury trial. Insofar as this action is in the nature of an administrative appeal, there is no right to a jury trial. General Statutes § 4-183(i) provides that administrative appeals are to be heard "by the court without a jury." (The plaintiff cannot be heard to claim a jury trial on his claim for monetary relief CT Page 3120 because of the sovereign immunity bar against his claim.)
The court finds that the plaintiff is not entitled to an appeal of the decision granting the defendants' motions to dismiss because the issues which he intends to raise in the appeal are frivolous. There is no likelihood that plaintiff would succeed on his grounds of appeal. As our Supreme Court has stated, "the State is under no duty to finance unfounded, collateral, civil legal excursions, or all the novel theories which some attorney may wish to explore so long as it can be accomplished at the taxpayers' expense rather than that of a paying client." Cooper v. Matzkin, 160 Conn. 334, 340 (1971). The application is denied.
VERTEFEUILLE, J.