HEATHER V. LOGAN *v.* KEVIN B. LOGAN
(AC 26392)

McLachlan, Harper and Lavine, Js.

---

Argued March 24—officially released August 8, 2006

*Kevin B. Logan,* pro se, the appellant (defendant).

*Sandi Beth Girolamo*, with whom was *Julia B. Morris*, for the appellee (plaintiff).

*Jennifer E. Davis*, with whom was *Barry F. Armata*, guardian ad litem for the minor child.

*Opinion*

McLACHLAN, J. The defendant, Kevin B. Logan, appeals from the judgment of the trial court denying his motion for contempt and granting the motion for modification filed by the plaintiff, Heather V. Logan. He claims that the court improperly (1) failed to provide him with accommodations in accordance with the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., (2) denied his motion for contempt and (3) granted the plaintiff's motion for modification, ordering that he be prohibited from driving the parties' minor child in his motor vehicle and ordering that the minor child no longer have overnight visits with him. We agree with the defendant only as to the order prohibiting overnight visits with his daughter.

The facts relevant to the issues on appeal are as follows. On December 23, 1993, the court issued a memorandum of decision ordering the dissolution of the marriage of the plaintiff and defendant. The memorandum of decision resolved financial, custodial and visitation issues.[1] On December 2, 2004, the defendant filed a postjudgment motion for contempt, alleging that the plaintiff was interfering with his visitations, vacations and holidays with the parties' minor child. He further alleged that the plaintiff was refusing to allow him to pick up and drop off the minor child and that she was being difficult in communicating with him about their

---

[1] The parties have one minor child together, born on June 25, 1990. The court gave the plaintiff and defendant joint legal custody with physical custody to the plaintiff. The defendant was granted visitation with the minor child on alternate weekends, one evening per week and various vacations and holidays.

child. The defendant claimed that the plaintiff's actions were in violation of the December 23, 1993 court orders.

On January 3, 2005, the plaintiff filed an objection to the defendant's motion for contempt, stating that his motion should be denied because he failed to exercise the majority of his visitation rights with the minor child in the last six years. On January 4, 2005, the plaintiff filed a postjudgment motion for modification in which she requested that the court modify the December 23, 1993 court orders. Specifically, she stated that there had been a substantial change in circumstances because the defendant's ability to care for the parties' minor child had diminished. She stated that the defendant had been in several car accidents since December, 1993, and that the minor child wanted to have her visitation with the defendant limited to one night per week. The plaintiff requested that the court enter orders that the defendant's parenting time with the minor child be limited to weekly visits without an overnight stay and that the defendant be prohibited from driving the minor child in a motor vehicle.

On February 8, 2005, the court heard testimony, evidence and argument from both parties and the guardian ad litem for the minor child regarding the motion for contempt and the motion to modify. After the hearing, the court issued a ruling denying the defendant's motion for contempt and granting the plaintiff's motion to modify. An additional order was entered by the court, on the basis of an agreement that the parties reached during the hearing, which provided that all correspondence from the minor child's school would be sent to the defendant and that the defendant's contact information would be provided to the school. This appeal followed.

I

The defendant's first claim on appeal is that the court improperly failed to provide him with accommodations

according to the ADA. This claim was not raised in the trial court, and no specific accommodation was requested by the defendant in the trial court. The defendant asserts that he has been diagnosed with chronic pain in his neck, back and left and right rotator cuff, and that he suffers from bilateral carpal tunnel syndrome and myofacial syndrome, which affect his skeletal muscles. He also claims that he has been diagnosed with attention deficit disorder, bipolar disorder, depression and anxiety disorder. His disabilities affect his motor skills and ability to communicate.

"Practice Book § 4185 [now § 60-5] provides in pertinent part: The court on appeal shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. Practice Book § 4185 [now § 60-5] provides that this court is not bound to consider a claim that was not distinctly raised at trial. This rule applies to constitutional claims. . . . [O]nly in most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court." (Citations omitted; internal quotation marks omitted.) *Brubeck* v. *Burns-Brubeck*, 42 Conn. App. 583, 588, 680 A.2d 327 (1996). Because the defendant did not raise his ADA claim in the trial court, nor did he provide any information to suggest that the issue raised by him was an exceptional circumstance that would permit this court to review this unpreserved issue, we decline to review the defendant's first claim.

II

The defendant's second claim on appeal is that the court improperly denied his motion for contempt. "A finding of contempt is a question of fact, and our standard of review is to determine whether the court abused

its discretion in failing to find that the actions or inactions of the [plaintiff] were in contempt of a court order. . . . To constitute contempt, a party's conduct must be wilful. . . . Noncompliance alone will not support a judgment of contempt." (Internal quotation marks omitted.) *Gina M. G.* v. *William C.*, 77 Conn. App. 582, 590, 823 A.2d 1274 (2003). "[T]he fact that [an] order had not been complied with fully . . . does not dictate that a finding of contempt must enter. It is within the sound discretion of the court to deny a claim for contempt when there is an adequate factual basis to explain the failure to honor the court's order." (Internal quotation marks omitted.) *Niles* v. *Niles*, 9 Conn. App. 240, 253–54, 518 A.2d 932 (1986).

Here, the defendant claims that the plaintiff violated the December 23, 1993 court order by interfering with his parenting time and involvement with their child's school and by preventing him from driving with the minor child. The defendant fails to cite any other evidence or testimony, besides his testimony, that supports his claim that the plaintiff wilfully violated a court order. The defendant offers conclusory, unsupported opinions that the plaintiff was interfering with his relationship with the minor child. Furthermore, we note that the minor child had expressed her discomfort with driving with the defendant. On the basis of the record, we cannot find that the court abused its discretion in denying the defendant's motion for contempt.

### III

The defendant's third claim on appeal is that the court improperly granted the plaintiff's motion for modification, ordering that the defendant be prohibited from driving the parties' minor child in his motor vehicle and ordering that the minor child no longer have overnight visits with him. We agree with the defendant only as

to the order prohibiting overnight visits with the minor child.

"The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion . . . we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Gina M. G.* v. *William C.*, supra, 77 Conn. App. 588.

The plaintiff claims in her motion to modify that it is not in the best interest of the minor child to be transported by the defendant. The court heard evidence and testimony regarding the defendant's prior motor vehicle accidents, his use of medications and his physical and mental disabilities. The court also heard from the guardian ad litem, who stated that the minor child did not want to be transported by the defendant. Any of these facts can serve as a sufficient basis for the court's determination that it was not in the child's best interest to be transported by the defendant, and, therefore, it was not an abuse of discretion to grant this portion of the plaintiff's motion to modify.

We disagree, however, that there was a sufficient factual basis for the court to determine that it was not

in the best interest of the child to have overnight visits with the defendant. There was absolutely no evidence presented at the hearing on February 8, 2005, from which the court could conclude that it was not in the best interest of the child to have overnight visits with the defendant.

The judgment is reversed only as to the order prohibiting overnight visitation and the case is remanded for a hearing on the issue of what restrictions, if any, should be imposed on overnight visitation.

In this opinion the other judges concurred.