## NICOLE THOMPSON *v.* KEVIN RHODES
### (AC 31390)

Robinson, Bear and Borden, Js.

Argued October 28—officially released December 21, 2010

*Nicole Thompson*, pro se, the appellant (plaintiff).

*Kevin Rhodes*, pro se, the appellee (defendant).

*David S. Carron*, guardian ad litem for the minor child.

*Opinion*

PER CURIAM. The plaintiff mother, Nicole Thompson, appeals from the judgment of the trial court rendered in favor of the defendant father, Kevin Rhodes, awarding him primary physical custody of their child. On appeal, the plaintiff raises various claims that focus on whether the court abused its discretion during the proceedings and in its decision to award the defendant

primary physical custody of their child. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the plaintiff's appeal. On March 4, 2008, the plaintiff served the defendant with a complaint seeking temporary and permanent custody of their child and a specific visitation schedule for the defendant.[1] On March 20, 2008, the matter was referred to the family relations division of the Superior Court for an evaluation. Kathleen Goncalves, a family relations counselor, interviewed all of the relevant parties and submitted a report recommending that the defendant have sole legal and residential custody of the child. The report also included a specific visitation schedule.

The case was tried on November 18, 2008, and May 12 and June 29, 2009, during which testimony was heard and numerous exhibits were entered into evidence. The plaintiff and the defendant proceeded as self-represented parties. The court appointed attorney David S. Carron as guardian ad litem. On July 8, 2009, the court issued its memorandum of decision, in which it ordered that the parties share joint legal custody of the child with primary residence to be with the defendant. Additionally, the court ordered the parties to adhere to the specific visitation schedule provided for in the memorandum of decision. On July 29, 2009, the plaintiff filed this appeal.

The plaintiff makes the following claims on appeal: (1) the trial court abused its discretion by imposing a court order when there was no evidence that she physically abused or neglected her child, thus depriving her of due process of law; (2) an assistant attorney general and the department of children and families abused their discretion by filing a petition based on hearsay statements to support the court's order, depriving her of due process of law; (3) the trial court erred

---

[1] The parties, never married, are the parents of the minor child who was born on July 15, 2003.

in denying her motion to dismiss the guardian ad litem's testimony and the family court evaluator custody study; and (4) the trial court abused its discretion in failing to place sanctions on an entity she refers to in her brief as "A.B.C.D." for failure to appear in court and to submit documents, as was required by a subpoena. The plaintiff, however, does not provide any legal analysis in support of her claims. The plaintiff's arguments consist of combinations of legal statements that for the most part are unrelated to her claims on appeal. Furthermore, the plaintiff fails to provide a standard of review for her arguments, as required by Practice Book § 67-4 (d).[2]

"Although we are solicitous of the rights of pro se litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law." (Internal quotation marks omitted.) *State* v. *Klinger*, 103 Conn. App. 163, 169, 927 A.2d 373 (2007). "[W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Watkins* v. *Thomas*, 118 Conn. App. 452, 455, 984 A.2d 106 (2009). "The parties may not merely cite a legal principle without *analyzing the relationship between the facts of the case and the law cited.*" (Emphasis added; internal quotation marks omitted.) *Russell* v. *Russell*, 91 Conn. App. 619, 635, 882 A.2d 98, cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005). Accordingly, we consider the plaintiff's claims to be inadequately briefed and thus decline to review them.

The judgment is affirmed.

---

[2] Practice Book § 67-4 (d) provides in relevant part: "The argument on each point shall include a separate, brief statement of the standard of review the appellant believes should be applied."