SYLVESTER TRAYLOR ET AL. *v.* STATE OF CONNECTICUT SUPERIOR COURT
(AC 31988)

Gruendel, Robinson and Peters, Js.

Argued February 7—officially released April 19, 2011

*Sylvester Traylor*, pro se, the appellant (plaintiff).

*Michael K. Skold*, assistant attorney general, for the appellee (named defendant).

*John B. Farley*, for the appellees (defendant Bassam Awwa et al.)

### Opinion

PER CURIAM. The pro se plaintiff, Sylvester Traylor,[1] appeals from the judgment of the trial court in favor of the defendants, the state of Connecticut Superior Court (state), Bassam Awwa and Connecticut Behavioral Health Associates, P.C., dismissing his mandamus action. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. In 2006, the plaintiff, individually and as administrator of the estate of his late wife, commenced an action against Awwa and Connecticut Behavioral Health Associates, P.C. (malpractice defendants), alleging claims of medical malpractice and loss of consortium. In that action, the plaintiff served the malpractice defendants with various

---

[1] Although the mandamus action was filed on behalf of Sylvester Traylor individually and as administrator of the estate of Roberta Mae Traylor, only Sylvester Traylor in his individual capacity has appealed. We therefore refer to Sylvester Traylor in his individual capacity as the plaintiff in this opinion.

discovery requests. The malpractice defendants objected to some of the requests and, because the parties were unable to resolve all of their differences regarding the objections, they appeared before the court, *Hon. D. Michael Hurley*, judge trial referee, on August 20, 2007. On that date, the court heard argument from both sides and issued several discovery orders requiring compliance by the malpractice defendants. Thereafter, on April 24, 2008, the plaintiff filed a motion to default the malpractice defendants, alleging that they failed to comply with the discovery orders. The court, *Abrams, J.*, granted the motion. On June 17, 2008, the malpractice defendants filed a motion to open the judgment of default and on July 1, 2008, the court granted the motion explaining that it "entered the default order without reviewing [the] defendants' objection, which was not in the file." Subsequently, the plaintiff filed several motions contending that the malpractice defendants had not complied with the discovery orders. The judges that heard the motions denied them, concluding that the malpractice defendants had not violated the discovery orders. Judgment was rendered for the malpractice defendants in the malpractice action on February 15, 2011, and the plaintiff appealed from that judgment to this court on February 24, 2011.

On August 12, 2009, the plaintiff filed an amended application for a writ of mandamus ordering Judge Barbara Quinn, the chief court administrator of the state of Connecticut, to "compel the New London [Superior] Court to enforce the [discovery orders], and [to] reinstate a default judgment." The state and the malpractice defendants both filed motions to dismiss the mandamus action, claiming that a writ of mandamus could not lie where the plaintiff had a right of appeal regarding the trial court's decisions in the separate action. On February 3, 2010, the court, *Hon. Thomas F. Parker*, judge trial referee, granted the motions to dismiss because

the plaintiff did not claim that any of the discovery orders could not be subject to an appeal once the malpractice action had concluded. The plaintiff appeals from this decision.

On appeal, the plaintiff claims that the court abused its discretion in denying his application for a writ of mandamus.[2] We disagree.

"The requirements for the issuance of a writ of mandamus are well settled. Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. . . . It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. . . . That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. . . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy. . . . Even satisfaction of this demanding [three-pronged] test does not, however, automatically compel issuance of the requested writ of mandamus. . . . In deciding the propriety of a writ of mandamus, the trial court

_____

[2] The plaintiff also makes several claims based on the premise that the court, in denying his application for a writ of mandamus, deprived him of various constitutional rights. We decline to review these claims because they are inadequately briefed. "Although we are solicitous of the rights of pro se litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law. . . . [W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Citation omitted; internal quotation marks omitted.) *Thompson* v. *Rhodes*, 125 Conn. App. 649, 651, 10 A.3d 537 (2010).

exercises discretion rooted in the principles of equity. . . . We review the trial court's decision, therefore, to determine whether it abused its discretion in denying the writ." (Citations omitted; internal quotation marks omitted.) *AvalonBay Communities, Inc.* v. *Sewer Commission*, 270 Conn. 409, 416–17, 853 A.2d 497 (2004).

On the basis of our review of the record, and the briefs and arguments of the parties, we conclude that the court properly denied the plaintiff's application for a writ of mandamus because the plaintiff has failed to demonstrate that there is no other specific adequate remedy available to review the court's actions. Moreover, because the actions of the court that are complained of here may be made an issue in the plaintiff's appeal from the final judgment of the medical malpractice action, mandamus is not warranted. See *Huggins* v. *Mulvey*, 160 Conn. 559, 561, 280 A.2d 364 (1971) (mandamus not warranted in situations in which right of appeal from action complained of exists). Accordingly, we conclude that the court did not abuse its discretion in denying the plaintiff's application for a writ of mandamus.

The judgment is affirmed.