JOHN R. MONTAGNESE *v.* PATRICIA A. SPICER
(AC 32277)

DiPentima, C. J., and Alvord and Espinosa, Js.

302

Argued April 12—officially released July 19, 2011

*John R. Montagnese*, pro se, the appellant (plaintiff).

*Abram Heisler*, for the appellee (defendant).

*Opinion .*

PER CURIAM. The plaintiff, John R. Montagnese, appeals from the judgment of the trial court granting the motion for contempt brought by the defendant, Patricia A. Spicer, for the plaintiff's failure to make timely payments to her pursuant to a stipulated judgment. The plaintiff claims that the court improperly held him in contempt. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history that are relevant to this appeal. The plaintiff and the defendant resided together at a property owned by the plaintiff located at 117 West Hill Road in Stamford. On January 17, 2008, the plaintiff served the defendant with a notice to quit, instructing her to vacate the property on or before January 25, 2008. The plaintiff filed a summary process complaint on January 30, 2008. On March 18, 2008, the parties entered into an agreement, which was adopted by the court as a stipulated judgment. Pursuant to the terms of the agreement, the plaintiff was to make a $75,000 payment to the defendant. In exchange for this payment, the defendant agreed to vacate the property on or before May 31, 2008. The agreement provided that payment would be made in three installments. The first installment, in the amount of $15,000, was due on or before March 31, 2008; the second, in the amount of $15,000, was due on or before April 11, 2008; and the third, in the amount of $45,000, was due on or before December 31, 2008. The plaintiff made the first two payments in accordance with the terms of the agreement, and the defendant vacated the property. The plaintiff failed to make the final payment, prompting the defendant to file several motions for contempt. The court granted motions for contempt filed by the defendant on March 10, 2009, February 19, 2010, and April 8, 2010, each time ordering the plaintiff to make payments to the defendant in accordance with various court-ordered payment plans. The plaintiff failed to make the court-ordered payments, prompting the defendant to file another motion for contempt. On May 4, 2010, the court held the plaintiff in contempt and ordered that he be incarcerated until he paid a purge amount of $5000 or until the next court date of May 18, 2010.[1] This appeal followed.

[1] The plaintiff paid the $5000 purge amount shortly after the court issued its order. Although neither party briefed the issue on appeal, we note that the fact that the plaintiff paid the purge amount and is not presently incarcerated does not render his appeal moot. See, e.g., *Papa* v. *New Haven Federa-*

The plaintiff claims that the court's finding of contempt was improper because he did not wilfully violate the court's order.[2] Specifically, the plaintiff contends that his violation of the court's order was not wilful because he was financially unable to make the court-ordered payments. We do not agree.

We begin by setting forth the applicable standard of review. "The abuse of discretion standard applies to a trial court's decision on a motion for contempt. . . . A finding of contempt is a question of fact, and our standard of review is to determine whether the court abused its discretion in [finding] that the actions or inactions of the [party] were in contempt of a court order. . . . To constitute contempt, a party's conduct must be wilful. . . . Noncompliance alone will not support a judgment of contempt. . . . We review the court's factual findings in the context of a motion for contempt to determine whether they are clearly erroneous." (Internal quotation marks omitted.) *Kravetz* v. *Kravetz*, 126 Conn. App. 459, 466, 11 A.3d 1141 (2011). "The clearly erroneous standard is the well settled standard for reviewing a trial court's factual findings. A

tion of Teachers, 186 Conn. 725, 731 n.6, 444 A.2d 196 (1982) (holding that because appeal from civil contempt does not automatically stay enforcement of contempt penalties, appeal was not moot where appellants were no longer in contempt at time of appeal).

[2] In his statement of issues, the plaintiff makes numerous claims of impropriety regarding the court's contempt finding. His analysis, however, is limited to the claim that his violation of the court's order was not wilful because his financial circumstances rendered compliance impossible. As such, our review is limited to that claim. Although we acknowledge the plaintiff's status as a pro se litigant, we conclude that, to the extent that the plaintiff has made any other claims of error, they are inadequately briefed and thereby abandoned. See, e.g., *Traylor* v. *State*, 128 Conn. App. 182, 185 n.2, 15 A.3d 1173 (2011) ("Although we are solicitous of the rights of pro se litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law. . . . [W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." [Internal quotation marks omitted.]).

factual finding is clearly erroneous when it is not supported by any evidence in the record or when there is evidence to support it, but the reviewing court is left with the definite and firm conviction that a mistake has been made." (Internal quotation marks omitted.) *Adamo* v. *Adamo*, 123 Conn. App. 38, 50, 1 A.3d 221, cert. denied, 298 Conn. 916, 4 A.3d 830 (2010).

After reviewing the court's findings,[3] we conclude that the court did not abuse its discretion in finding that the actions of the plaintiff were in contempt of the court's order. There was sufficient evidence in the record for the court to conclude that the plaintiff had not complied with the court's previous order and that such noncompliance was wilful. The court found that the plaintiff did not comply with the court's order that he make payments to the defendant in the amount of $500 a week but, instead, had made payments in the amount of $200. This fact was not contested by the plaintiff. Rather, the plaintiff argued that he was financially unable to make the court-ordered payments. On the basis of testimony presented at the hearing, the court found that although the plaintiff was self-employed, his wife had "a substantial income of

---

[3] Contrary to the requirements of Practice Book § 64-1, the plaintiff has failed to provide this court with a record that contains a written memorandum of the trial court's decision or a signed transcript of an oral decision of the trial court. See, e.g., *Stechel* v. *Foster*, 125 Conn. App. 441, 445, 8 A.3d 545 (2010) ("[w]hen the record does not contain either a memorandum of decision or a transcribed copy of an oral decision signed by the trial court stating the reasons for its decision, this court frequently has declined to review the claims on appeal because the appellant has failed to provide the court with an adequate record for review" [internal quotation marks omitted]), cert. denied, 300 Conn. 904, 12 A.3d 572 (2011). The record does, however, contain an unsigned transcript with a sufficiently detailed statement of the trial court's findings. Therefore, the plaintiff's failure to comply with Practice Book § 64-1 does not hamper our ability to review his claim. See, e.g., id. ("this court has, on occasion, reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the trial court's findings" [internal quotation marks omitted]).

[$80,000 per year]"[4] and that she previously had "diverted some of her income to address [the plaintiff's financial] obligations." The court concluded that this financial assistance "definitely impacted [the plaintiff's] ability to pay the [$500] per week to the defendant." On the basis of these findings, the court concluded that the plaintiff had the financial ability to comply with its previous orders and was in wilful contempt of those orders.

In light of our review of the record, we conclude that these findings were not clearly erroneous. Therefore, we conclude that the court did not abuse its discretion in holding the plaintiff in contempt.

The judgment is affirmed.

---

[4] When setting forth its findings, the court stated that the plaintiff's wife "had a substantial income of [$80,000] per week." On the basis of the testimony before the court, however, it is apparent that the court simply misspoke when referencing the income of the plaintiff's wife, which she testified was $80,000 per year.