HENRY J. MARTOCCHIO *v.* STEPHANIE A.
SAVOIR ET AL.
(AC 31363)

Bear, Espinosa and Borden, Js.

 

Argued May 23—officially released August 9, 2011

*Henry J. Martocchio*, pro se, the appellant (plaintiff).

*JoAnn Paul*, for the appellees (defendant Roland Savoir et al.).

*Opinion*

PER CURIAM. The plaintiff, Henry J. Martocchio, appeals from the judgment of the trial court granting the motion for contempt brought by the defendants Roland Savoir and Tina Savoir[1] (grandparents) and ordering that the plaintiff submit to a psychological evaluation. On appeal, the plaintiff claims, inter alia, that the court improperly concluded that he was in contempt of a previous court order and that the court abused its discretion in ordering that he submit to a

---

[1] The defendants Roland Savoir and Tina Savoir are the parents of the named defendant, Stephanie A. Savoir, who is not a party to this appeal.

psychological evaluation.[2] We affirm the judgment of the trial court.

The following facts, as found by the court, and procedural history are relevant to this appeal. The plaintiff

---

[2] The plaintiff makes several additional claims. First, the plaintiff claims that the court improperly denied his request for court-appointed counsel during the contempt proceedings. Practice Book § 25-63 provides that indigent litigants in family civil contempt proceedings have a right to court-appointed counsel when they face the possibility of incarceration. Practice Book § 25-63 (a) (2), however, provides an exception to this requirement where "the judicial authority eliminates incarceration as a possible result of the proceeding and makes a statement to that effect on the record." When denying the plaintiff's request for court-appointed counsel in the present case, the court stated, on the record, that the plaintiff did not face incarceration as a possible result of the proceeding. Thus, we readily conclude that the court did not err in denying the plaintiff's request for court-appointed counsel. Compare *Emerick* v. *Emerick*, 28 Conn. App. 794, 799–800, 613 A.2d 1351 (error for court not to advise party of right to counsel in civil contempt proceeding when court did not state on record that incarceration was not possibility), cert. denied, 224 Conn. 915, 617 A.2d 171 (1992).

The plaintiff also claims that the court violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. The plaintiff did not raise this claim relating to the ADA in the trial court, nor did he inform the court that he had any disability or request accommodations under the ADA during the contempt proceedings. Under these circumstances, we decline to review his claim. See *Logan* v. *Logan*, 96 Conn. App. 842, 845–46, 902 A.2d 666 (2006) (declining to review claim that court failed to provide ADA accommodations during contempt hearing when ADA claim was not raised in trial court).

Finally, although he fails to set forth his claim in the statement of issues, as required by Practice Book § 63-4 (a) (1), the plaintiff also asserts that the court improperly excluded evidence on hearsay grounds. Although we acknowledge that the plaintiff is a pro se litigant, we decline to review this claim because it is inadequately briefed. "Although we are solicitous of the rights of pro se litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law. . . . [W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Traylor* v. *State*, 128 Conn. App. 182, 185 n.2, 15 A.3d 1173 (2011). The plaintiff's claim is limited to a mere assertion that the court erred, followed by a quotation from the transcript of the court's ruling and quotations from two rules of evidence concerning hearsay. The plaintiff's claim is devoid of any analysis at all as to which of the quoted rules of evidence he is claiming apply to the evidence in question

and Stephanie A. Savoir (mother) are the parents of a minor child. The parties were not married at the time of the minor child's birth and the plaintiff was initially unaware that he was the child's father. Subsequent paternity tests revealed that the plaintiff is the biological father of the minor child. In August, 2006, the child was diagnosed with autism spectrum disorder. On July 28, 2008, the court, *Shluger, J.*, granted the plaintiff sole custody of the minor child. The court granted the grandparents visitation rights every other weekend and granted the mother visitation rights once a week during the grandparents' visitation time or at a professional visitation facility. The court ordered that the mother and grandparents shall not interfere with the plaintiff's choice of physician, medication or educational options for the minor child.

In July, 2009, the grandparents brought a motion for contempt, claiming, inter alia, that the plaintiff prevented them from visiting with the minor child in accordance with Judge Shluger's order. After a hearing, the court, *Abery-Wetstone, J.*, found that the evidence "clearly indicates that there were clear court orders in [effect and] that father unilaterally decided he wasn't going to follow those court orders and terminated contact between grandparents and grandchild."[3] The court, thereafter, held the plaintiff in contempt. Additionally, the court ordered that the plaintiff undergo a psychological evaluation before filing any other motions, after finding that the plaintiff lacked control in the courtroom

or how the evidence in question falls within those rules. As such, we conclude that the claim has been inadequately briefed.

[3] We note that the record does not contain a written memorandum of decision or a signed transcript of Judge Abery-Wetstone's oral decision, as required by our rules of practice. See Practice Book § 64-1. The record does, however, include an unsigned transcript which contains a sufficiently detailed and concise statement of the court's findings. Therefore, we will review the plaintiff's claims. See, e.g., *Carrasquillo* v. *Carlson*, 90 Conn. App. 705, 708 n.2, 880 A.2d 904 (2005).

and had an "extreme" attitude toward the care of his son. This appeal followed.[4]

We begin by setting forth our well settled standard of review. "Our review of a judgment of contempt is limited. Contempt is a disobedience to the rules and orders of a court which has power to punish for such an offense. . . . Contempt may be civil or criminal in character. . . . If the underlying court order was sufficiently clear and unambiguous, we . . . determine whether the trial court abused its discretion in issuing . . . a judgment of contempt, which includes a review of the trial court's determination of whether the violation was wilful or excused by a good faith dispute or misunderstanding. . . . The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . The credibility of witnesses, the findings of fact and the drawing of inferences are all within the province of the trier of fact." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *Johnson*, 111 Conn. App. 413, 420–21, 959 A.2d 637 (2008).

In the present case, we conclude that the court's findings were not clearly erroneous and the court did not abuse its discretion in holding the plaintiff in contempt. There was a clear order of the court granting visitation rights to the grandparents. The plaintiff admitted violating that order by preventing the grandparents from visiting the minor child. The court found that there

---

[4] The remainder of the plaintiff's claims on appeal challenge the grandparents' rights of visitation with the minor child. The grandparents were granted visitation rights pursuant to Judge Shluger's 2008 decision, from which the plaintiff did not appeal. The present appeal was taken from Judge Abery-Wetstone's 2009 judgment of contempt. Thus, we will not address the plaintiff's claim regarding propriety of the 2008 judgment granting visitation rights to the grandparents, as those issues are not properly before us on appeal.

was no credible evidence that the grandparents were *not properly administering the child's medications* and, as such, there was no good faith justification for the plaintiff's deliberate violation of the court order. Therefore, the court properly held the plaintiff in contempt.

Moreover, we conclude that the court did not abuse its discretion by ordering that the plaintiff undergo a psychological evaluation. "The court's authority to impose civil contempt penalties arises not from statutory provisions but from the common law. . . . The penalties which may be imposed, therefore, arise from the inherent power of the court to coerce compliance with its orders. In Connecticut, the court has the authority in civil contempt to impose on the contemnor either incarceration or a fine or both." (Internal quotation marks omitted.) *Gil* v. *Gil*, 94 Conn. App. 306, 310, 892 A.2d 318 (2006). This court has held that the trial court has the discretion to order a contemnor to submit to a psychological evaluation if it is necessary to enforce a court's earlier order. *Johnson* v. *Johnson*, supra, 111 Conn. App. 427 ("[a] trial court has the power even to incarcerate contemnors in civil contempt cases until they purge themselves . . . and we see no reason why it should not be able to order a contemnor to undergo a psychological evaluation if that is necessary to enforce the court's earlier judgment" [citations omitted]).

We conclude that the court's order that the plaintiff undergo a psychological evaluation was within its inherent power to ensure compliance with the court's earlier judgment. The court ordered a psychological evaluation of the plaintiff after observing his behavior at the contempt hearing, which the court found evidenced his inability to control himself. The court also found, based on the plaintiff's testimony, that he had intentionally provided the grandparents with incorrect amounts of the minor child's prescriptions and supplements, in an attempt to "catch the grandparents doing something

wrong." In light of these facts, we conclude that the court did not abuse its discretion in ordering the plaintiff to undergo a psychological evaluation. See *Johnson* v. *Johnson,* supra, 111 Conn. App. 426–27.

The judgment is affirmed.