******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

A BETTER WAY WHOLESALE AUTOS, INC.
*v.* KIARA RODRIGUEZ ET AL.
(AC 38839)

Mullins, Beach and Harper, Js.

*Syllabus*

The plaintiff sought to vacate an arbitration award rendered in favor of the defendant R and the defendant finance company in connection with the plaintiff's sale of a used vehicle to R, who had initiated the arbitration process seeking rescission of her purchase and sale agreement, as well as her financing agreement, for an alleged warranty violation. During the pendency of the arbitration process, R settled with the finance company, which subsequently brought cross claims against the plaintiff for, inter alia, alleged violations of their dealer agreement. The arbitrator entered an award in favor of the defendants, ordering, inter alia, that the finance company return the vehicle to the plaintiff. Thereafter, the trial court denied the plaintiff's application to vacate the arbitration award and granted the defendants' motions to confirm the award. From the judgment rendered thereon, the plaintiff appealed to this court. The plaintiff claimed, inter alia, that the parties' submission to the arbitrator was restricted, and that because title to the vehicle was never at issue, the arbitrator exceeded his authority in ordering the finance company to return the vehicle to it. *Held*:

1. The trial court properly denied the plaintiff's application to vacate the arbitration award: given the plain language of the arbitration agreement, which provided that any claim or dispute between R and the plaintiff arising out of the purchase or condition of the vehicle was to be settled by way of binding arbitration, and given that arbitration was commenced pursuant to that agreement, which contained no restrictions on the issues that could be decided by the arbitrator, the submission to the arbitrator was unrestricted and, thus, possession and title to the vehicle was at issue from the onset of the arbitration and was within the scope of the submission; moreover, the arbitrator, by ordering the return of the vehicle to the plaintiff, did not exceed his power by rendering an award that was beyond the scope of the unrestricted submission, as the submission permitted the arbitrator to decide any claim or dispute between R and the plaintiff arising out of the purchase or condition of the vehicle, or arising out of the contract or resulting relationship, R specifically requested on the form submitted demanding the arbitration that the contract be cancelled and that the purchase of the vehicle be revoked, and, therefore, it would be nonsensical to conclude that the arbitrator had the authority to cancel the contract and to revoke the purchase but that he did not have the authority to decide what happened to the vehicle that was the subject of the purchase and the contract.

2. The plaintiff's claim that the trial court improperly ordered it to pay the attorney's fees and costs of the finance company in defending the arbitrator's award was not reviewable, the plaintiff having failed to brief the claim adequately.

Argued April 17—officially released September 12, 2017

*Procedural History*

Application to vacate an arbitration award, brought to the Superior Court in the judicial district of Waterbury, where the matter was removed to the United States District Court for the District of Connecticut; thereafter, the matter was remanded to state court, where the defendants filed separate motions to confirm the award; subsequently, the matter was tried to the court, *M. Taylor, J.*; judgment granting the motions to confirm and denying the application to vacate, from which the plaintiff appealed to this court. Thereafter, the court

granted the named defendant's motion for attorney's fees. *Affirmed.*

*Kenneth A. Votre*, for the appellant (plaintiff).

*Daniel S. Blinn*, for the appellee (named defendant).

*Proloy K. Das*, with whom was *Melissa A. Federico*, for the appellee (defendant American Credit Acceptance, LLC).

*Opinion*

MULLINS, J. The plaintiff, A Better Way Wholesale Autos, Inc. (A Better Way), appeals from the judgment of the trial court denying its application to vacate an arbitration award and granting the motions to confirm the arbitration award filed by the defendants, Kiara Rodriguez and American Credit Acceptance, LLC (finance company). A Better Way also appeals from the court's judgment modifying the arbitration award to include attorney's fees and costs to the finance company for its defense of the award in the Superior Court. On appeal, A Better Way claims that the trial court erred in (1) denying its application to vacate the award on the ground that the arbitrator's decision was beyond the scope of the parties' submission, and (2) ordering A Better Way to pay the attorney's fees and costs of the finance company in defending the arbitrator's award in the Superior Court.[1] We affirm the judgment of the trial court.

The following facts, as set forth by the trial court in its January 14, 2016 memorandum of decision and procedural history inform our review. "The underlying arbitration between the parties arises from the sale of a used 2006 Toyota Scion [vehicle] by A Better Way to . . . Rodriguez. In this dispute, Rodriguez included [the finance company] as a defendant in its role as the assignee of the financing agreement in her retail installment sales contract with A Better Way.

"Rodriguez initiated the arbitration process by a written demand, dated June 4, 2014, for damages and the rescission of her purchase and sale agreement with A Better Way, as well as her financing agreement with [the finance company]. In the demand letter, she [stated that she] 'revokes her acceptance of the vehicle,' asserting, inter alia, a warranty violation. Importantly, the vehicle was left in the possession of A Better Way. She previously had written to A Better Way on March 21, 2014, stating that '[i]f you are unable to fix my car, then I would like to cancel the sale . . . .' [Rodriguez'] letters were submitted, along with her demand for arbitration, to the American Arbitration Association on June 27, 2014. . . . In accordance with the agreement of the parties, the arbitration was conducted by the American Arbitration Association, with Attorney John R. Downey serving as arbitrator." (Citation omitted.)

"Rodriguez made her submission to arbitration pursuant to an arbitration clause with A Better Way which, in relevant part, provides: 'Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this . . . clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this

contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.' . . . Although the arbitration submission was made by Rodriguez pursuant to her retail installment sales contract with A Better Way, she included [the finance company] as a defendant because it was specifically identified in her contract as the assignee of the financing agreement."[2] (Citation omitted.)

"During the pendency of the arbitration process, Rodriguez settled with [the finance company] and, based upon alleged violations of their Dealer Agreement, [the finance company] brought cross claims against A Better Way.[3] . . . In its proposed findings and orders filed after the conclusion of the arbitration hearing, [the finance company] proposed the return of the [vehicle] to A Better Way. . . .

"On May 12, 2015, Attorney Downey entered an Award of Arbitrator in favor of Rodriguez and [the finance company]. . . . The award provides for the following payments to Rodriguez: (1) [Truth in Lending Act, 15 U.S.C. § 1601 et seq. (TILA)] statutory damages of $1000; (2) [Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA)] damages of $1000; (3) punitive damages of $2000; and (4) attorney's fees of $12,500. The award also provides for the following [as to the finance company]: (1) arbitration costs of $3700; (2) legal fees of $25,000; and (3) [the finance company's] return of the [vehicle] to A Better Way." (Citations omitted; footnotes altered.)

A Better Way, specifically pursuant to General Statutes § 52-418,[4] filed an application to vacate the portion of the award that ordered the finance company to return the vehicle to A Better Way on the grounds that "[t]he parties to the arbitration did not state that possession of the vehicle was at issue in any of the pleadings before the arbitrator . . . [and] the submission did not include a determination of the ownership of the vehicle." A Better Way contended that the arbitrator, therefore, had exceeded his powers in determining ownership of the vehicle.[5] Rodriguez and the finance company each filed a motion to confirm the award; the finance company moved pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, and Rodriguez moved pursuant to General Statutes § 52-417. The finance company also requested that it be reimbursed $28,245.92 for the legal fees and costs it incurred in defending the award in the Superior Court in light of A Better Way's application to vacate. At the time of the hearing, the finance company also argued that it anticipated incurring an additional $3840 in fees and costs for the hearing.

In a January 14, 2016 memorandum of decision, the

court granted the motions to confirm the award, and it denied the application to vacate. Specifically, the court determined that title and possession of the vehicle always were at issue, and that this was evidenced by Rodriguez' original letter in which she sought to rescind the entire agreement. The court, therefore, found no basis upon which to vacate the award. As to the finance company's request for the payment of the attorney's fees it incurred in defending the award, the court found that, pursuant to section 25 of the dealer agreement and General Statutes § 52-419 (b),[6] the finance company was entitled to such reimbursement. The court then ordered that A Better Way reimburse the finance company $621.92 in costs and expenses and $20,000 in attorney's fees within thirty days. This appeal followed.[7] Additional facts will be set forth as necessary.

I

A Better Way claims that the trial court erred in denying its application to vacate the award on the ground that the arbitrator's decision was beyond the scope of the parties' submission in that the title to the vehicle was not within that submission. It further contends that the award should be considered in a way similar to the mosaic rule[8] in a family matter and that it must be vacated in its entirety because the order that the finance company return the vehicle to A Better Way was outside the scope of the parties' submission. Accordingly, A Better Way argues, the court improperly denied its application to vacate the award. The finance company and Rodriguez argue that the court made a proper determination that the submission was unrestricted and that possession and title to the vehicle always was at issue, and, therefore, the arbitrator acted within his authority in determining who should take possession of the vehicle.[9] We agree that the court properly denied A Better Way's application to vacate the award of the arbitrator.

We set forth the standard of review. "Arbitration is a creature of contract and the parties themselves, by the terms of their submission, define the powers of the arbitrators. . . . The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains *express language* restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." (Citation omitted; emphasis added; internal quotation marks omitted.) *LaFrance* v. *Lodmell*, 322 Conn. 828, 850–51, 144 A.3d 373 (2016).

"When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner

designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . . *Garrity* v. *McCaskey*, 223 Conn. 1, 4–5, 612 A.2d 742 (1992). Accordingly, the factual findings of the arbitrator . . . are not subject to judicial review. *Burr Road Operating Co. II, LLC* v. *New England Health Care Employees Union, District 1199*, 316 Conn. 618, 638, 114 A.3d 144 (2015); see also *Harty* v. *Cantor Fitzgerald & Co.*, 275 Conn. 72, 80, 881 A.2d 139 (2005) ([u]nder an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact . . .)." (Internal quotation marks omitted.) *Norwalk Police Union, Local 1727, Council 15, AFSCME, AFL-CIO* v. *Norwalk*, 324 Conn. 618, 628–29, 153 A.3d 1280 (2017).

"The resulting award can be reviewed, however, to determine if the award conforms to the submission. . . . *Garrity* v. *McCaskey*, supra, 223 Conn. 4. Such a limited scope of judicial review is warranted given the fact that the parties voluntarily bargained for the decision of the arbitrator and, as such, the parties are presumed to have assumed the risks of and waived objections to that decision. . . . It is clear that a party cannot object to an award which accomplishes precisely what the [arbitrator was] authorized to do merely because that party dislikes the results. . . . *American Universal Ins. Co.* v. *DelGreco*, [205 Conn. 178, 186–87, 530 A.2d 171 (1987)]. The significance, therefore, of a determination that an arbitration submission was unrestricted or restricted is not to determine what [the arbitrator is] obligated to do, but to determine the scope of judicial review of what [he or she has] done. Put another way, the *submission* tells [the arbitrator] what [he or she is] obligated to decide. The determination by a court of whether the submission was restricted or unrestricted tells the court what its scope of review is regarding the [arbitrator's] decision." (Emphasis in original; internal quotation marks omitted.) *LaFrance* v. *Lodmell*, supra, 322 Conn. 851–52.

Here, A Better Way asserts that the parties' submission to the arbitrator was restricted. It argues that, in the case of the finance company and A Better Way, there was no submission at all. It further argues that Rodriguez, in her submission, also never requested that the vehicle be ordered returned to A Better Way. We conclude that the parties' submission was unrestricted and that the title to the vehicle was at play from the onset, with Rodriguez' request that the purchase be cancelled.

The arbitration clause in the finance agreement between Rodriguez and A Better Way, which was assigned from A Better Way to the finance company, provided in relevant part: "*Any claim or dispute,*

whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship . . . shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. . . .

"The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. . . . Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. . . .

"You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract." (Emphasis added.)

Under the plain language of the arbitration agreement, *any claim or dispute between Rodriguez and A Better Way (and its assigns) arising out of the purchase or condition of the vehicle, or arising out of the contract or a resulting relationship, was to be settled by binding arbitration, if elected.* The parties commenced arbitration pursuant to this agreement, which clearly contains no restrictions on the issues that could be decided by the arbitrator. Therefore, the submission in this case was unrestricted. We next consider whether the portion of the arbitrator's award, ordering the finance company to return the vehicle to A Better Way, was beyond the unrestricted submission of the parties.

"Even in the case of an unrestricted submission, we have . . . recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . [and] (3) the award contravenes one or more of the statutory proscriptions of § 52-418. . . . [Section] 52-418 (a) (4) provides that an arbitration award shall be vacated if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. In our construction of § 52-418 (a) (4), we have, as a general matter, looked to a comparison of the award with the submission to determine whether

the arbitrators have exceeded their powers." (Internal quotation marks omitted.) *Comprehensive Orthopaedics & Musculoskeletal Care, LLC* v. *Axtmayer*, 293 Conn. 748, 754, 980 A.2d 297 (2009).

A Better Way asserts that the arbitrator exceeded his power in ordering the finance company to return the vehicle to it because title to the vehicle was never at issue, and, therefore, the award was beyond the scope of the submission. We disagree.

After purchasing the vehicle from A Better Way, experiencing many difficulties with it, and leaving the vehicle in the possession of A Better Way, Rodriguez filed a claim for arbitration with the American Arbitration Association, specifically requesting "[r]evocation of acceptance of the vehicle, cancellation of the contract and deletion of trade line reporting." She named both A Better Way and the finance company in her claim. Thereafter, the finance company filed cross claims against A Better Way for contractual indemnification, indemnification and contribution, unjust enrichment, and two counts of breach of contract, namely, the dealer agreement.

The arbitrator found that Rodriguez had sent a letter to A Better Way stating that if it could not fix her vehicle, she wanted to *cancel the sale* and get her money back. A Better Way threw away that letter, and, after Rodriguez was informed, she mailed another copy to A Better Way. The arbitrator further found that A Better Way had required Rodriguez to purchase a service contract as a condition of her financing without proper disclosure, and that A Better Way previously had required other customers to do the same. The arbitrator found the conduct of A Better Way to be "deceptive and unethical and [in] violat[ion of] CUTPA . . . [and] TILA." The arbitrator also found A Better Way to be in breach of the dealer agreement with the finance company. As part of his award, the arbitrator ordered that the finance company "cause [the vehicle] to be returned to [A Better Way]."

The unrestricted submission here permitted the arbitrator to decide any claim or dispute between Rodriguez and A Better Way, and its assigns, arising out of the purchase or condition of the vehicle, or arising out of the contract or a resulting relationship. Rodriguez *specifically requested* on the face of the form that she submitted demanding the arbitration in this case that the *contract be cancelled* and that the *purchase of the vehicle be revoked*. We conclude that it would be nonsensical to conclude that the arbitrator had the authority to cancel the contract and to revoke the purchase but that he did not have the authority to decide what happened to the vehicle that was the subject of the purchase and the contract. Certainly, that could not be the case. We agree with the trial court that the title to the vehicle was at issue from the onset of this arbitration

and that the arbitrator did not exceed his power by rendering an award that was beyond the scope of the submission.

## II

A Better Way also claims that the trial court improperly ordered it to pay the attorney's fees and costs of the finance company in defending the arbitrator's award. Specifically, it sets forth two separate claims in its appellate brief regarding the trial court's award of attorney's fees to the finance company: (1) "The trial court erred in concluding that the dealer agreement between [A Better Way and the finance company] provided for attorney's fees and costs incurred by [the finance company]"[10]; and (2) "The trial court erred in concluding that [A Better Way] shall pay for attorney's fees and costs to [the finance company]." A Better Way also argues that the arbitration provision in the dealer agreement, specifically section 25 of the dealer agreement, which contains a fee shifting provision; see footnote 3 of this opinion; was "never invoked" during this arbitration.[11] We decline to review these claims and arguments.

First, A Better Way fails to set forth any standard of review for these claims. See Practice Book § 67-4 (d) ("[t]he argument on each point shall include a separate, brief statement of the standard of review the appellant believes should be applied"); *Thompson* v. *Rhodes*, 125 Conn. App. 649, 651, 10 A.3d 537 (2010) (concluding claim inadequately briefed when plaintiff failed, inter alia, to provide standard of review); *In re Adelina G.*, 56 Conn. App. 40, 43, 740 A.2d 920 (1999) (declining to review claim when respondent failed to provide standard of review and cited to legal authority that undermined argument).

Second, A Better Way provides a citation to only one case, *Steiger* v. *J.S. Builders, Inc.*, 39 Conn. App. 32, 38–39, 663 A.2d 432 (1995), for the proposition that *Steiger* sets forth the factors that a court should consider in assessing *the reasonableness of an award of attorney's fees*, despite its claims that there was *no basis* for the trial court to award *any* fees whatsoever for the finance company's defense of the arbitration award.[12]

In light of the foregoing, we decline to review these claims on the basis of inadequate briefing. See *Connecticut Light & Power Co.* v. *Gilmore*, 289 Conn. 88, 124–25, 956 A.2d 1145 (2008) (defendant's claim deemed abandoned, through inadequate briefing, because she devoted little more than one page to discussion of claim, and single case on which defendant relied for precedent was not relevant to claim on appeal).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Specifically, A Better Way briefs six claims and subclaims on appeal,

many of which overlap. It claims that the trial court erred: (1) "in concluding that the arbitrator's award was not 'so imperfectly executed' and that a mutual, final, and definite award was made by the arbitrator"; (1) (a) "the arbitrator's ruling on the repossession of the automobile is outside the scope of the submission"; (1) (b) "there is no applicable arbitration clause between plaintiff [A Better Way] and [the] defendant [finance company]"; (2) "as a matter of law in concluding that the return of . . . [the] vehicle was implicit in [Rodriquez'] demands on [A Better Way]"; (3) "as a matter of law in concluding that the arbitrator's decision regarding [the] disposition of the vehicle was within the parties' submission agreement"; (3) (a) "the submission in this case is not unrestricted and may be reviewed for errors of law and the arbitrator made errors of law and the trial court adopted them"; (3) (b) "the award must be vacated under [General Statutes §] 52-418"; (4) "in finding that the arbitrator's order to return [Rodriguez'] vehicle to [A Better Way] was a rational disposition of the property as it was outside the scope of the submission"; (5) "in finding that the dealer agreement between [A Better Way] and [the finance company] provided for attorney's fees and costs incurred by [the finance company]"; and (6) "in concluding that [A Better Way] shall pay [attorney's] fees and costs to [the finance company]." To avoid duplicative analysis, we have combined these claims.

[2] The arbitration clause in A Better Way's agreement with Rodriguez also provides in relevant part: "Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. . . . Any court having jurisdiction may enter judgment on the arbitrator's award."

The choice of law provision in the agreement provides that the agreement shall be governed by federal and Connecticut law.

[3] The arbitration clause of the dealer agreement between A Better Way and the finance company, specifically section 25 of that agreement, provides in relevant part: "The parties agree that . . . if any dispute . . . occurs arising out of . . . this Agreement, at the request of a party, the parties shall resolve such dispute by binding arbitration administered and conducted under the then current Commercial Arbitration Rules of the American Arbitration Association and Title 9 of the United States Code. The parties agree that once one party has elected to arbitrate, binding arbitration is the exclusive method for resolving any and all disputes and that by agreeing to this arbitration provision and entering into this Agreement, the parties are waiving their right to a jury trial. . . . The arbitrator shall apply and be bound by governing state or federal law when making an award. . . . A party may enter judgment on the award in any court of competent jurisdiction. . . . The prevailing party in any arbitration proceeding, or judicial action to enforce an arbitration determination or award, shall be entitled to reimbursement from the other party for costs, filing fees, reasonable pretrial, trial and appellate attorney's fees . . . . The parties acknowledge and agree that the Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall govern any arbitration under this arbitration provision and Agreement. All arbitration hearings shall take place in Spartanburg, South Carolina, unless the parties mutually agree in writing on a different location to hold any such arbitration hearing."

The choice of law provision in the dealer agreement provides that the agreement shall be governed by the law of South Carolina.

[4] We note that the arbitration clause in the dealer agreement and in A Better Way's agreement with Rodriguez each specify that any arbitration proceeding shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Rodriguez' agreement also specifically states that "[a]ny arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration."

On appeal, A Better Way continues to argue the merits of its § 52-418 application to vacate an arbitration award specifically under Connecticut law, without reference to the Federal Arbitration Act or any federal case law. It also does not rely on the law of South Carolina in any of its claims or arguments. See footnote 3 of this opinion. Furthermore, it makes no claim of error concerning the trial court's application of Connecticut law in this case. Accordingly, we assume, without deciding, that Connecticut law applies to this matter. Any claim to the contrary has been waived by A Better Way.

[5] In its application to vacate the award, A Better Way specifically requested: "Wherefore, [A Better Way] respectfully requests the court to vacate the arbitration award due to the arbitrator exceeding his powers *in awarding title of the subject vehicle to American Credit Acceptance*." (Emphasis

added.) This appears to be a clerical error, which the parties and the court apparently chose to disregard.

[6] Section 52-419 provides: "(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated, or, when the court is not in session, any judge thereof, shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy.

"(b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

[7] After A Better Way filed its appeal, Rodriguez filed a motion for counsel fees, which the court granted in the amount of $6500. A Better Way has not amended its appeal to include a challenge to this award.

[8] See *Marshall* v. *Marshall*, 119 Conn. App. 120, 135–36, 988 A.2d 314 (2010) (explaining the mosaic rule).

[9] The finance company also argues that we should dismiss the challenge to the portion of the award regarding the return of the vehicle because A Better Way is not aggrieved by it; it actually inures to A Better Way's benefit. During oral argument before this court, the finance company also stated that, if A Better Way does not want to accept title to the vehicle, it is willing to keep the vehicle and that it has no objection to the vehicle being returned to the finance company.

"Two broad yet distinct categories of aggrievement exist, classical and statutory. . . . Classical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the decision, as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the . . . decision has specially and injuriously affected that specific personal or legal interest. . . . Aggrievement does not demand certainty, only the possibility of an adverse effect on a legally protected interest. . . .

"Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) *Mayer* v. *Historic District Commission*, 325 Conn. 765, 772–73, 160 A.3d 333 (2017).

We conclude that A Better Way has standing to appeal. Section 52-418 provides in relevant part: "(a) *Upon the application of any party to an arbitration*, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." (Emphasis added.)

There can be no dispute that A Better Way was a party to the arbitration and that it applied to vacate the award on the ground that the arbitrator exceeded his powers. Additionally, A Better Way argues that taking possession of the car is a burden on it, which, arguably, establishes "the possibility of an adverse effect on a legally protected interest" required for classical aggrievement. *Mayer* v. *Historic District Commission*, supra, 325 Conn. 773. Accordingly, A Better Way has standing to raise this issue on appeal.

[10] Insofar as this claim could be read as challenging the trial court's confirmation of the arbitrator's award of attorney's fees to the finance company, a review of the pleadings reveals that A Better Way did not seek to vacate the award on that ground. Rather, the only ground alleged in the application to vacate was that the award was beyond the scope of the parties' submission because the arbitrator ordered that the finance company return the vehicle to A Better Way. There also was nothing concerning the arbitrator's award of attorney fees to A Better Way in A Better Way's memorandum in support of its application to vacate. Furthermore, a thorough review of the trial court's decision reveals that it did not consider the propriety of the arbitrator's award of fees to costs to the finance company in its decision. Accordingly, we consider any such claim waived.

[11] On this issue, the finance company argues that A Better Way never objected to its cross claims during arbitration, which clearly claimed a breach of the dealer agreement and damages thereunder. During oral argument it also argued that if A Better Way had objections to the cross claims and their arbitrability, it could have filed an action in the Superior Court to enjoin the arbitration of the cross claims or it could have raised an objection before the arbitrator; A Better Way did neither. Therefore, the finance company argues, A Better Way waived any claim that the dealer agreement, including section 25, did not apply. A Better Way responds that section 25 of the dealer agreement is severable from the rest of the dealer agreement and that without specifically invoking that provision and undertaking the specific arbitration procedures applicable under that provision, the parties had proceeded with arbitration only under the finance agreement.

The arbitrator, although specifically finding that A Better Way had breached the dealer agreement, did not mention section 25 in his written award. The trial court concluded that the dealer agreement, including section 25, had been invoked by the finance company's filing of cross claims at the arbitration. The court awarded attorney's fees and costs to the finance company for its defense of the arbitration award through a modification of the arbitration award specifically pursuant to § 52-419 (b). A Better Way neither discusses nor mentions § 52-419 in its appellate brief or in its reply brief.

[12] Additionally, throughout these claims, A Better Way, although fully acknowledging that section 17 of the dealer agreement specifically provides that the "[d]ealer shall defend, indemnify, and hold Finance Company . . . harmless from and against any and all, claims, losses, liabilities, damages, injuries, costs, expenses, outside attorneys' fees, court costs and other amounts arising out of or resulting from (i) Dealer's breach of this Agreement," asserts that it "did not breach any term of its contract with [the finance company] and was therefore not liable for the reimbursement of attorney's fees under the dealer agreement, and the trial court erred in awarding such attorney's fees." The contention that it "did not breach any term of its contract," in addition to being inadequately briefed, simply is untenable in light of the specific unchallenged findings of the arbitrator. Here, the arbitrator specifically found that the finance company prevailed on its cross claim for *breach of the dealer agreement*, specifically *section 9 (K) and section 17 (A) of the dealer agreement.*

Section 9 (K) of the dealer agreement provides in relevant part: "In the event a Buyer attempts to return or surrender the Vehicle to Dealer (e.g., a voluntary repossession), Dealer shall immediately notify Finance Company, which in no event shall exceed one (1) business day."

————————————————